Peausox, J.
 

 We concur in the opinion of the Judge below, for the reasons given by him. Irwin, the cropper, had a mere executory contract, a chose in action, which could not be assigned.
 
 State
 
 v.
 
 Jones, 2
 
 Dev. & Bat. 544.
 

 It was very ingeniously argued for the plaintiff, that, yielding the question as to the corn, he. was entitled to recover for the oats, upon the doctrine of estoppel; for although the bill of sale was executed before the oats were cut, yet as Irwin’s share was afterwards allotted and stacked to itself, it thereby became vested in Irwin. This act of appropriation
 
 fed the estoppel,
 
 and thus the right of property vested in the plaintiff
 

 When one sells property, which does not belong to him, he and hia privies are estopped from ..alleging, that the_
 
 *66
 
 vendee did not acquire the title; but the estoppel does not extend to third persons. If the vendor afterwards acquires the title, it
 
 feeds the estoppel,
 
 and vests in the vendee a right of property, not only against the vendor and •his privies, but against third persons. - Thus the sale has a double operation;
 
 first,
 
 to conclude the parties and privies, until the title is acquired ; and then to pass the right of property.
 
 Fortescue
 
 v.
 
 Satterwhite,
 
 1 Ire. 566.
 
 Christmas
 
 v.
 
 Oliver, 2
 
 Smith’s leading cases 417, 458. Unfortunately for the plaintiff, there is no estoppel in this case- So the learning about
 
 feeding an estoppel
 
 is net applicable.
 

 Unless the party professes to have such an interest, as could be passed by the conveyance, if he had it, there is no estoppel; for the plain reason, that a matter of law can always be insisted on, as, that a
 
 chose in action
 
 is not assignable, and estoppels are restricted to matters of fact. In
 
 Right
 
 v.
 
 Bucknell, 2
 
 Barn. and Ald. 278, it is said, “There is no estoppel, when it is apparent, from the face of the deed or the averment of the party, who 2’elies upon it in interest, that, according to the fundamental doctrine of common assurances, the deed could not have sufficed to pass the estate, W'bich he claims to hold under its operation.” Lord Coke says, in Co. Lit. 352, b, “one shall not be estopped, where the truth appears by the same instrument, as that the grantor has nothing to grant, or only a possibility,” and he might have added “or only a chose in action.”
 

 Pep. Cor tam.
 

 Judgment affirmed.