Nash J.
 

 To sustain the action of trover, the right of property in the thing claimed, and of possesion at the time of the alleged conversion, must be united in the plaintiff, and lie must prove that, while the property was his, the defendant converted it.
 
 Gordon
 
 v.
 
 Harper,
 
 7th Term 9.
 
 Harwood
 
 v.
 
 Smith,
 
 2nd Term 750.
 
 Lewis
 
 v.
 
 Moody,
 
 4 Dev. and Bat. 323. In this case it is denied by the defen. danl, that the plaintiff had any title to the corn sued for or that he has converted it. As to the title, the plaintiff urges that the facts proved show that an appropriation was made by the defendant, the landlord, of one fourth of the crop, to Brown, the cropper, which was a delivery in law, or at any rate the evidence ought to have been left to the jury, under the instruction of the Court, A. full and complete answer is furnished by the case to each position of the plaintiff. It is a well settled principle of law, in this State, that a cropper has no such interest in the crop, as can be subjected to the payment of his debts, while it remains
 
 on masse.
 
 Until a division the whole is the property of the landlord.
 
 State
 
 v.
 
 Jones,
 
 2 Dev. aud Bat. 544.
 
 Hare
 
 v.
 
 Pearson
 
 4 Ired. 77. The defendant was the owner of the land, on whoh the corn was raised,' and a man by the name of Brown cropped with him. The latter transferred his interest to the plaintiff for a valuable consideration. After the corn was matured, it was agreed between the plaintiff and the defendant, that the latter should gather the corn, and for so doing, should have five barrels. The corn was ‘gathered by the defendant, and placed by him in two separate heaps or piles ; one containing three fourths and the other one fourth. From
 
 *15
 
 this pile the defendant claimed to take his five barrels for gathering’. To this the plaintiff objected, alleging they ought to come out oí the whole crop. With this dispute we have nothing to do, as it regards the proper construction of the previous agreement.
 
 It
 
 is sufficient for
 
 oar
 
 present enquiry, that a controversy did arise, and that the plaintiff would not agree to the construction pul upon if, by the defendant. The case states that the plaintiff “'went off, saying he would have nothing more to do with it.” Brown, the cropper, was present, but in no way interfered, and what afterwards became of the corn we are not informed, except that it is stated in
 
 the case,
 
 that no part of the corn was finally delivered to the plaintiff. There certainly was here no appropriation by the landlord of any specific portion of the crop to the use of Brown or the plaintiff, and therefore there was no delivery to the latter. The doctrine of appropriation, as constituting a delivery and thereby passing the title to the purchaser, arises in cases of a sale of goods generally, as distinguished from the sale of a specific chattel. And where a,less quantity, out of a larger, is the subject of the contract there no property passes to the purchaser until a delivery, for until then the goods sold are not ascertained. To constitute a delivery in such cases, the vendor may appropriate the quantity purchased, by separating it from the bulk. But the appropriation is not complete, until the vendee assents to take the separated portion j his assent is equivalent to accepting possession under the.contract. 1st Chap, on Cont. 375. In a case like this, which in principle is similar to that of
 
 a sale
 
 of a.lesser part out of a larger,'the appropriation by the landlord was incomplete, until ratified by the cropper or his agent and vendee, the plaintiff. It would be manifestly unjust to suffer the landlord to be the sole judge of the rights of his cropper. Not only was the assent of the plaintiff withheld, but he positively refused to receive the corn set apart for him ay
 
 *16
 
 his principal. The title to the corn never vested in him, and he cannot, under this evidence, support the action of trover. The cases cited in the argument for the plaintiff abundantly prove that a delivery may be proved, by an appropriation by the vendor, but in none of them is it said, that it is complete without the assent of the vendee.
 

 We agree with his Honor that the action cannot be sustained.
 

 Per Curiam. Judgment affirmed.