Battle, J.
 

 One of the grounds upon which the motion for a new trial was made in the Court below, to wit, that the witness, Daniel Ferguson, was permitted to state that a negro woman asked the prisoner if he gave the deceased any notice before he shot him, has been properly abandoned in the argument here. The State certainly had a right to prove the declaration of the prisoner, whether called out by a question from a negro or any other person.
 

 Hie other ground assumed for the defense, and which alone is relied upon in this Court is, that at the time when the prisoner shot and killed the deceased, the'latter was in the act of committing a trespass by carrying off his manure, and that thereby the homicide was mitigated from murder to manslaughter. For this position, the counsel cited Hale’s P. C. page
 
 *22
 
 485, where it is said, that
 
 “
 
 if A, pretending title to goods, take them from B, B may justify beating A, but if A dies, it is manslaughter only.” ■
 

 Whether the deceased was, in fact, committing a trespass upon the property of the prisoner at the time when he was killed, and if he were, whether the prisoner could avail himself of it, as he assigned a different cause for the killing, it is unnecessary for us to decide. Admitting both of these en-quiries to be decided in favor of the prisoner, the homicide is still, according to the highest authorities, murder, and murder only.
 
 State
 
 v.
 
 Morgan,
 
 3 Ire. Rep. 186. See also Wharton’s American Law of Homicide 185, where Hale, Hawkins, Poster, and many adjudicated cases are referred to. There will also be seen an explanation of the cases like that cited by the prisoner’s counsel from líale. <£ To extenuate the offense in such case, however, it must be shown that the intention ^was not to take life, but merely to chastise for the trespass, and to deter the offender from repeating the like, and it must so appear. For, if A had knocked out the brains of the deceased with a bill, or hedge-stake, or had given him an outrageous beating with a cudgel, beyond the bounds of a sudden resentment, whereof he had died, it would have been murder.” The doctrine on this subject is so clearly and forcibly stated by Judge GastoN, in delivering the opinion of the Court in the above cited case of the
 
 State
 
 v.
 
 Morgan,
 
 that we beg leave to refer
 
 to
 
 it, and to adopt it as a part of our opinion in the present case.
 
 “
 
 It is not every right of person, and still less of property, that can lawfully be asserted, or every wrong that may rightfully be redressed by extreme remedies. There is a recklessness — a wanton disregard of humanity and social duty in taking, or endeavoring to take, the life of a fellow being in order to save one’s self from a comparatively slightwrong, which is essentially wicked, and which the law abhors. You may not kill because you cannot otherwise effect your object, although the object sought to be effected is right. You can only kill to save life or limb, or prevent a great crime, or to accomplish a necessary public duty. Thus, an officer, acting
 
 *23
 
 under a legal process, has a right to arrest the person against whom it is directed, and to retake him if he break custody, and for such purpose he may, 'and ought to, use necessary force ; yet, if the process be in a civil case, or a misdemeanor only, and the officer, although he cannot otherwise arrest or retake his prisoner, intentionally kills him, it is murder. 1 Hale 481 ; Foster 271 ; 1 East P. C. ch. 5, secs. 306, 307. The purpose, indeed, is rightful, but it is not one of such paramount necessity, as to justify a resort to such desperate means. So, it is clear, that if one man deliberately kill another, to prevent a mere trespass on his property- — whether that trespass could or could not be otherwise prevented — he is guilty of murder.”
 

 Let it be certified to the Superior Court of Bladen county, that there is no -error in the record.
 

 LW Cm?,tam. Judgment affirmed.