THE STATE v. HENRY BURWELL and others.

Where a landlord, whilst engaged in collecting his *advancements*, out of a crop in a field, that, by agreement with the cropper, was to remain his "till he was reimbursed," on being assaulted by the latter with a deadly weapon, knocked him down with a stick, *Held*, that he was not thereby guilty of an assault and battery.

An agreement by him who cultivates land that the owner who advances "guano, seed-wheat," &c., shall out of the crop be repaid in wheat for such advancements, constitutes the former a *cropper*, and not a *tenant*.

(*Denton* v. *Strickland* 3 Jon. 71 and *Lewis* v. *Wilkins* Phil. Eq. 303, cited and approved.)

ASSAULT AND BATTERY, tried before *Watts, J.*, at GRANVILLE, Spring Term 1869.

On the part of the State, one Boyd, the prosecutor, testified that in 1867 he rented a piece of land from the defendant Burwell for the purpose of raising a crop of wheat; that the *"bargain"* was that Burwell was to furnish a certain quantity, of guano, and seed wheat, and the land; that he (Boyd) was to sow, reap and gather the wheat, and that out of the crop Burwell was first to have the value in wheat, of the guano and seed furnished by him, and the remainder was to be divided between them in the proportions respectively of $\frac{1}{4}$ and $\frac{3}{4}$. He further stated that Burwell came on a certain Friday to his house making enquiries as to the wheat then being threshed; that Burwell came again on the following Saturday, when he (Boyd) declined threshing any more wheat 'till Monday—that thereupon Burwell proposed to thresh the balance himself which Boyd declined—that Burwell then attempted to carry his wagon into the field, in which attempt Burwell committed on him Boyd the assault &c., complained of. That subsequently Burwell went into the the field, threshed the remaining wheat and carried off his share.

Upon his cross examination Boyd stated that Burwell was first to take out of the crop raised on the field the value of his advancements in guano and wheat, "if it took all the crop."

On the part of the defendant, Thos. Parham testified that he went with Burwell to Boyd's on the Friday and Saturday spoken of by the latter; that Boyd was threshing the wheat; that there was some difficulty between Boyd and Burwell as to the division of the wheat, when the latter offered the former $95 to *settle* the matter, which Boyd declined; that Burwell then started his wagon into the field, when Boyd threatened to kill or cut the horses and wagon, and injure them driving, that he [Boyd] cut at Burwell several times with an axe, that the latter finally struck Boyd with a stick, from the effect of which blow Boyd fell; that Boyd's sons participated in the fight, and by one of them Burwell was severely stricken with a hoe.

Defendant also introduced one Short, who testified that

Burwell the defendant stated to him that the bargain as between himself and Boyd was that he Burwell was to furnish a quantity of guano and seed wheat and the land, and that the crop made on the land was to be his [Burwell's] till he was reimbursed for his advancements &c. The Court intimated that the defendant was guilty on his own showing, and thereupon the defendant submitted to a verdict of guilty.

Rule &c., Rule discharged, Judgment and Appeal.

*Young,* for the appellant.
*Attorney General, contra.*

SETTLE, J. The defendant furnished the land, the wheat and the guano, and the prosecutor, Boyd, testified upon the trial that the defendant "was to first take out of the crop raised in the field, the value of his advancements in guano and wheat, if it took all the crop." What remained after paying for these advancements, was to be divided in a certain proportion between the defendant and the prosecutor.

There is a marked distinction between a *lessee* and a *cropper. Denton* v. *Strickland,* 3 Jon. 61, *Lewis* v. *Wilkins,* Phil. Eq. 303. This contract clearly makes the prosecutor a mere cropper, and the defendant had a right to enter the field, for the purpose of getting his share of the crop. This is the view of the case as presented by the prosecution, but we need not consider it, as it was withdrawn from the jury, and another view taken by his Honor, which, we think, placed it in even a stronger light for the defendant. The defendant introduced a witness who testified, that when he, Burwell, started his wagon into the field, the prosecutor, Boyd, "cut at the defendant several times with an axe, that the latter finally struck Boyd with a stick, from the effects of which blow Boyd fell, that Boyd's sons participated in the fight, and that by one of them Burwell was severely stricken with a hoe."

Another witness on behalf of the defendant, testified that the defendant stated to him, that the bargain was that, "he, Burwell, was to furnish a quantity of guano and seed wheat

and the land, and that the crop made on the land was to be his (Burwell's) till he was reimbursed for his advancements, &c." Here "the Court intimated that the defendant was guilty upon his own showing," and a verdict was entered accordingly.

As the case was disposed of in submission to this intimation from his Honor, we can only consider it as presented by the evidence on behalf of the defendant. We cannot concur in the view taken by his Honor; on the contrary, it appears from this evidence that the prosecutor assaulted the defendant with a deadly weapon while he was engaged in collecting his advancements, out of a crop which was "to remain his till he was reimbursed &c."

It was insisted upon the argument here, that the defendant was guilty because he had not complied with the requirements of the act of 1866-7 ch, 67, entitled "An Act to protect land-lords against insolvent debtors." This act does not take away any rights that the landlord had before, but it gives others; and it would be strange if we were to construe a remedial "act to protect landlords," so as to diminish their remedies, and leave them in a worse condition than they were before its passage.

There is no error. Let this be certified, &c.

.PER CURIAM.                                        *Venire de novo.*