## STATE v. WARREN YANCEY.

A threat to use a deadly weapon, with a present power to do so. is justifiable in the protection of the property of the defendant, where it appears that no battery w: s committed and the defendant did not use the weapon for any other purpose than the actual protection of his property.

INDICTMENT for assault, tried before his Honor *Moore J*, at July Special Term, 1875, of the Superior Court of GRANVILLE county.

Trial by jury having been waived his Honor found the following facts: On 9th day of January, 1875, about 12 o'clock, the prosecutor, William D. Royster, was in the public highway near Nutbush Bridge in the county of Granville, and the defendant was in an adjacent field. The defendant rode up to the fence which separated the field from the highway and asked the prosecutor if he had seen any hogs. The prosecutor said he had not. The defendant, who was riding on a mule, turned to ride off when the prosecutor hailed him and asked if he had paid a debt, for which the prosecutor was a surety. The defendant stopped. and answered no. The prosecutor then said "Warren, you have got my saddle? The defendant said "no, I bought this saddle of a horse drover and paid him $8.00 for it. The defendant then got off his mule. During the conversation the prosecutor took hold of the stirrup leather of the defendant's saddle, and while holding it he called to one Thomas Parham, who was some distance off and said, "Oh! Tom come here." The defendant twice requested the prosecutor to "turn loose" his saddle, with which request the prosecutor refused to comply. When the defendant saw Parham approaching, putting his hand into his pocket and taking his knife therefrom he said to the prosecutor, "If you don't turn my saddle loose I'll cut you loose. The defendant at that time was distant five or six feet from the prosecutor and started towards him. The prosecutor did turn loose the saddle and stepped back from the mule.

Upon this state of facts the court adjudged that the defendant was guilty and sentence was pronounced. Thereupon the defendant appealed.

*Young*, for the defendant.
*Attorney General Hargrove*, for the State.

READE J. When the defendant drew his knife and threatened the prosecutor and started towards him, being already within five or six feet of him, this was undoubtedly an assault, and the defendant is guilty, unless the conduct of the prosecutor made the assault justifiable.

The prosecutor, at that time was committing a trespass upon the property of the defendant in his presence, by holding on to the defendant's saddle and claiming it as his own, and calling to another for help with the purpose of taking it by force, as the defendant had reasonable ground to believe. This conduct of the prosecutor was not such as to justify an actual battery with the knife in the first instance; but the defendant had the right to do what was necessary to make the prosecutor let go his saddle, beginning with moderate force, and increasing in the ratio of the resistance, without measuring it in golden scales. We are not left to any speculation as to whether he used too much or too little force; for the result shows that he used just enough to accomplish his purpose. If he had used more he would have injured the prosecutor. If he had used less, and allowed the prosecutor's help to come up he would have lost his property, or engaged in an unequal contest, with probably serious consequences.

*A threat to use* a deadly weapon, with the power to do it, may often be justifiable, when a *battery* with the same would not be. And this is one of those cases.

There is error. This will be certified.

PER CURIAM.                    Judgment reversed.