STATE v. L. D. TAYLOR and another.

*Assault—Defence of Dwelling—" Molliter Manus."*

Ordinarily the occupant of a tenement must resist the entrance of a tres-
passer with gentle hands and a request to leave, but if the intruder de-
fiantly stands his ground, armed with a deadly weapon, the occupant
may at once resort to physical force ; and it is for the jury to decide
whether more force was used than was necessary.

(*State* v. *Davis*, 80 N. C., 351, cited and approved.)

INDICTMENT for an Affray tried at Fall Term, 1879, of
WAKE Superior Court, before *Avery, J.*

The defendant and one Adolphus Williams were indicted
for an affray ; both were found guilty, and the defendant,
Taylor, moved for a new trial on the ground of misdirection
in the charge of the court to the jury. The motion was
overruled, and judgment pronounced against both defend-
ants, from which the defendant, Taylor, appealed. The
grounds of the exception are sufficiently set out in the
opinion.

*Attorney General,* for the State.
*Mr. T. M. Argo,* for defendant.

ASHE, J. The alleged affray occurred in the house of the
defendant, and only three witnesses were examined, two for
the state and one for defendant.

The court charged the jury that if they believed the tes-
timony of any of the witnesses on behalf of the state or
defendant, both defendants were guilty ; that according to
the testimony of any witness examined both defendants
were guilty. And after the case was submitted to the jury
with this charge, they came into court and asked His Honor
to instruct them as to the amount of force that might be

lawfully used by the defendant Taylor, in order to expel the other defendant from his house. The court told the jury that question did not arise from the testimony, and that it was not made necessary or proper by the testimony of any witness who had been examined for the court to instruct them upon this point. To this ruling of His Honor the defendant excepted.

If then there was any one witness examined who testified to a state of facts, taken by itself, from which it might reasonably be inferred that the purpose of Taylor in advancing on Williams, the other defendant, with the whip-staff, was to remove him from his house, that question should have been left to the jury, and then the further question would necessarily arise as to the amount of force the defendant might use to accomplish his purpose. How then stands the case?

One witness, Bryan Smith, testified that the first he saw was Williams at the door of Taylor's house "cutting or reaching into the door and Taylor came out striking at Williams with a whip-staff, while Williams was cutting at Taylor with a razor; that Williams walked backwards cutting with his razor some ten or fifteen feet from Taylor's door, and Taylor continued to advance upon him with his whip-staff." When a trespasser or unwelcomed visitor invades the premises of another, the latter has the right to remove him, and the law requires that he should first request him to leave, and if he does not do so, that he should lay his hands gently upon him, and if he resists he may use sufficient force to remove him, taking care however to use no more force than is necessary to accomplish that object. But if the intruder defiantly stands his ground, armed with a deadly weapon, the doctrine of *molliter manus* does not appply, and the owner may at once resort to physical force, and it is a question for the jury to decide whether he used more force than was necessary. *State* v. *Davis*, 80 N. C., 351.

As Williams was at the door of the defendant's house, reaching in the door and cutting with a razor and the defendant was striking at him with a staff, we think the jury might have been warranted in coming to the conclusion that it was the purpose of the defendant to expel him from his house as he had the right to do; and then it would have been a material inquiry for the jury whether the defendant had used more force than was necessary. In this view of the case it was proper for the jury to ask the court for instructions as to the amount of force that might lawfully be used by the defendant, Taylor, in order to expel Williams from his house, and we are of the opinion it was the duty of the court to give the instructions, and in its failure to do so there was error.

Let this be certified to the superior court of Wake county that a *venire de novo* may be awarded to the defendant.

Error.                                   *Venire de novo.*