STATE v. JOHN E. AUSTIN (Two Cases)—No. 1.

(Decided December 13, 1898).

*Landlord and Cropper—Possession—Forcible Entry —Assault.*

1. A cropper has no estate in the land, and his possession is that of the landlord.

2. All crops raised on the land, whether by tenant or cropper, are by statute (*The Code*, Section 1754) deemed to be vested in the landlord, in the absence of an agreement to the contrary, until the rents and advancements are paid.

3. An attempt to appropriate and carry off the crop may be repelled by the landlord by force, provided no more force is used than is necessary to protect his possession.

INDICTMENT for assault and battery with a deadly weapon upon Henry Keziah, tried before *Greene, J.*, at January Term, 1898, of UNION Superior Court.

The defendant Austin had employed a son of the prosecutor as a cropper on his wife's land, but who died before the crop was matured. After the crop was matured the prosecutor, his daughter, and two other members of his family went upon the land, picked cotton, and were

carrying it off when the defendant, an old man aged 82, came with a pair of steelyards to weigh the cotton and forbid them to carry off the cotton, and upon their persisting, he threatened them with his walking stick, shaking it over their heads in striking distance. This caused them to desist, and he took the cotton and carried it to the house.

His Honor charged the jury: That if the defendant drew the stick on the prosecutor when in striking distance of him, thereby causing him to desist from taking the cotton from defendant, the defendant would be guilty.

Defendant excepted.

Verdict of guilty, judgment, and appeal by defendant.

*Messrs. Osborne, Maxwell & Keerans*, for appellant.
*Mr. Zeb V. Walser, Attorney General*, for the State.

CLARK, J.: In *Harrison* v. *Ricks*, 71 N. C., 7, it is said, "a cropper has no estate in the land; that remains in the landlord. Consequently, although he has in some sense the possession of the crop, it is only the possession of a servant and is in law that of the landlord. The landlord must divide off to the cropper his share. In short, he is a laborer receiving pay in a share of the crop. *McNeely* v. *Hart*, 32 N. C., 63; *Brozier* v. *Ansley*, 33 N. C., 12." As against a cropper, the landlord always has a right to have possession of the crop. *State* v. *Burwell*, 63 N. C., 661. But it has now become immaterial whether the producer of the crop is a cropper or a tenant under *The Code*, Section 1754, which provides that "any and all crops raised on land," whether by a tenant or cropper (in the absence of an agreement to the contrary) "shall be deemed and held to be vested

in possession of the landlord or his assigns at all times until the rent for said land shall be paid to the lessor or his assigns, and until said party or his assigns shall be paid for all advances made and expenses incurred in making and saving said crop." There is no evidence here that such payments had been made. The defendant was the landlord, and in taking charge of the basket of cotton to carry it to his house, he was in the exercise of his legal right. Even if Henry Keziah had been the cropper or tenant himself when he seized the basket of cotton and attempted by force to take it from the defendant, the latter used no more force than was necessary to protect his possession when he shook his stick at him with a threat to strike, and was not guilty. *State* v. *Yancey*, 74 N. C., 244. Here, the condition of the defendant was still stronger, for the cropper or tenant was dead and Henry Keziah was not his administrator. In entering upon the premises of the defendant, an old man of 82, with a multitude, after being forbidden to do so, and picking out and carrying off the crop, Henry Keziah and his companions were guilty of forcible entry as to the land and of forcible trespass in removing the cotton after being picked out. He was a wrong-doer *ab initio*, and the defendant was only using sufficient force to protect the possession guaranteed him by the law. It is true that if the cotton had already been carried off, the landlord could recover it by claim and delivery, but this is only an additional remedy (which in many cases would be futile) and does not take away the landlord's right to retain possession till he is paid for his share and his advancements. If the landlord unjustly detains the crop, the cropper or tenant has his remedy to obtain a division upon claim and delivery, after five days' notice. *Code*, Section 1755. He had

no right to go on the premises after being forbidden, and pick out and carry off the crop.

