CHESTER G. RYERSON, RESPONDENT, v. ELLA A. CARTER, APPELLANT.

Submitted December 5, 1918—Decided January 31, 1919.

1. A gas company, which has installed a gas meter in the cellar of a householder cannot forcibly remove the same, against the protest of the householder, without proof of the contract under which the gas meter was installed, giving the company the right to enter the premises and remove the gas meter.
2. A gas meter being in the defendant's possession, the presumption is that it is rightfully so, until something is shown which justifies the forcible removal of the gas meter. The possession may be defended.
3. If the possession of a gas meter from a household, where it has been installed by the gas company, cannot be regained peaceably, resort should be had to a legal remedy; possession cannot legally be regained by force. The remedy lies in the courts.

On appeal.

Before Justices BERGEN, KALISCH and BLACK.

For the appellant, *Joseph M. Degnan.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

BLACK, ·J. The suit in this case was brought to recover damages for an alleged assault and battery made by the defendant. The case was tried by the court without a jury, resulting in a judgment in favor of the plaintiff. The defendant appeals, on the ground that the court erred in refusing the defendant's motion to nonsuit in rendering a judgment against the defendant without evidence.

The defendant is a householder, living on Parsonette street, in the borough of Verona, and was using gas supplied by the Public Service Gas Company, measured by a meter, located in defendant's cellar.

On July 16th, 1918, the plaintiff came to defendant's house and met the defendant at the back door of her kitchen; he told her he wanted to read the gas meter, that he was the "gas man;" he then went into the cellar, there he took a wrench out of his pocket and shut off the gas cock; the plaintiff did not tell the defendant he was going to remove the meter until he took the wrench out of his pocket to shut off the gas cock; he then said, I will have to cut the meter out, Mrs. Carter; she said you can't take the meter out. He did not tell her the gas bill was not paid; she said her bill had been paid and she always paid her bills. The plaintiff then said she pelted me; my orders were to go up and remove the gas meter. It was owned by the Public Service Gas Company. This is from the plaintiff's testimony, and it is substantially all the evidence in the record on which the plaintiff alleges liability, except further details somewhat amplified. From this evidence the court could infer that the Public Service Gas Company had in-

stalled a meter in the defendant's cellar; that a dispute existed over the payment of the gas bill; that the company had sent the plaintiff to shut off the gas and take the meter away; and while he was doing so, the defendant assaulted him, or, to use the plaintiff's words, "pelted him."

In this situation the fundamental difficulty with the plaintiff's case is, that there was no evidence whatever of any contract between the Public Service Gas Company and the defendant, Ella A. Carter, or that the company or the plaintiff had the right to enter the premises and remove the meter. Surely, the plaintiff's testimony that his orders were to go up and remove the gas meter would not supply the deficiency. We fail to see what authority in law the plaintiff had to remove the gas meter. It was in the defendant's possession, and the presumption is, rightfully, until something is shown which justifies the forcible removal of the meter. We know from common knowledge that the contract for installation usually provides for removal of the gas meter, at the will of the gas company, so, it was a simple matter to prove, and if there is a dispute about the facts, the law provides a simple and adequate remedy by which the facts can be determined and settled. If the possession of the gas meter could not be regained peaceably, resort should be had to a legal remedy; possession cannot be regained by force. The remedy lies in the courts. The law does not favor settling disputes by force. Under the facts shown in the record in this case no right of removal of the gas meter existed, as the meter was in the defendant's possession, she had the right to defend it on her own premises. This leads to a reversal of the judgment on the ground that the defendant was entitled to have the direction of a verdict in her favor, for want of proof of a right to remove the gas meter. The underlying principle of law applicable to the facts of this case, clearly stated, is, if one attempts to deprive another of his goods, the latter is justified in laying hands on him to prevent him from so doing, and, if he persists with violence, may use force to cause him to desist, provided he uses only such force as is reasonably necessary. 3 *Cyc.* 1070; 5 *Corp. Jur.* 631; 2 *R. C. L.* 555, ¶ 35.

Illustrative cases in our courts are *Slingerland* v. *Gillespie,* 70 *N. J. L.* 720; *Moore* v. *Camden and Trenton Railway Co.,* 74 *Id.* 498; *Lehigh, &c., Railway Co.* v. *Antalics,* 81 *Id.* 685; in other courts, *Newkirk* v. *Sabler,* 9 *Barb.* 652; *Singer, &c., Machine Co.* v. *Phipps,* 49 *Ind. App.* 116.

The judgment of the District Court is reversed.