## J. B. CURLEE v. W. S. SCALES.

(Filed 15 April, 1931.)

1. **Assault and Battery A c—Where person attempts to take property from owner, owner may use increasing force necessary for its protection.**

    Where the evidence in an action to recover damages for an assault is to the effect that during a dispute as to credits upon a check of plaintiff's held by the defendant the latter produced the check which the former seized and attempted to take away with him, whereupon the defendant seized him and struck him, or scuffled with him for its possession, an instruction is erroneous that only permitted the defendant to use such force to retain his property as would not amount to a breach of the peace, he having the right to use such increasing force as was necessary under the circumstances for the protection of his property, the question of excessive force being for the jury.

2. **Same—Owner may not kill or inflict great bodily harm in defense of property where assault on him is not feloneous.**

    The possessor of personal property for himself or as the agent or employee of another has the right to defend and protect it against aggres-

sion, and in so doing he may use such force as is reasonably necessary subject to the qualifications that, in the absence of felonious use of force on the part of the aggressor, human life must not be endangered or great bodily harm inflicted.

APPEAL by plaintiff from *Clement, J.,* at November Term, 1930, of FORSYTH.

Civil action for damages sustained by reason of an alleged assault and battery, tried in the Forsyth County Court, which resulted in a verdict and judgment for the plaintiff.

It seems that the plaintiff went into the office of the defendant to take up a $100 check, which the defendant had been holding for some time, and upon which, plaintiff contended, two payments had previously been made, one cash payment of $25 and the other a payment of $50 by means of a chattel mortgage, leaving a balance due on the check of $25. But the defendant, after getting the check from his safe and placing it on the table, stated that he had not accepted the chattel mortgage as payment on the check, and had returned the mortgage to the plaintiff by mail. The plaintiff had $25, mostly in nickels and dimes, which he counted out and placed on the table. He then picked up the check and started away with it, when the defendant grabbed the plaintiff, hit him with his fist (knocked him down according to plaintiff's testimony; scuffled with him according to defendant's version), took the check from him and put it back in his safe. This suit is to recover damages for the alleged assault and battery thus committed.

On appeal to the Superior Court, as was the defendant's right under the law *(Brock v. Ellis,* 193 N. C., 540, 137 S. E., 585), a new trial was ordered, the latter court being of opinion that error was committed by the trial court in the following instruction:

"The court instructs you, gentlemen of the jury, that a person, under the law, is allowed to use force in order to protect his own property, provided by using that force he does not commit a breach of the peace, but a person is not allowed to use sufficient force to protect his property as will amount to a breach of the peace. If it is necessary for a person to use force sufficient to constitute a breach of the peace in the protection of his property, then he must refrain from using that force and resort to the courts."

From this ruling of the Superior Court the plaintiff appeals, contending that no reversible error was committed in the County Court.

*Parrish & Deal for plaintiff.*
*Peyton B. Abbott and Hastings & Booe for defendant.*

STACY, C. J. As we understand the record, the Superior Court, in the exercise of its appellate jurisdiction, took the view, and accordingly

held, that the above instruction deprived the defendant of the right to use such force as was necessary, but only such as was necessary, to protect his property, and we cannot say there was error in the ruling... *Kirkpatrick v. Crutchfield,* 178 N. C., 348, 100 S. E., 602; 2 R. C. L., 555; note 25, A. L. R., p. 542.

One in possession of property, either as owner, or as agent or servant of the owner, has the right to defend and protect it against aggression, and in so doing he may use such force as is reasonably necessary to accomplish this end, subject to the qualification that, in the absence of a felonious use of force on the part of the aggressor, human life must not be endangered or great bodily harm inflicted. *People v. Dowd,* 223 Mich., 120, 193 N. W., 884, 32 A. L. R., 1535; Note, Ann. Cas., 1917D, 296. Blackstone says: "In defense of my goods or possessions, if a man endeavors to deprive me of them, I may justify laying hands upon him to prevent him; and in case he persists with violence, I may proceed to beat him away. . . . And, if sued for this or the like battery, he may set forth the whole case, and plead that he laid hands upon him gently, *molliter manus imposuit,* for this purpose." 2 Bl. Com., 120. Indeed, it has been held that force may be used by the owner to retake property from a person who has obtained possession of it by force or fraud and is overtaken while carrying it away. *Riffel v. Letts,* 31 Cal. App., 426, 160 Pac., 845.

In *S. v. Yancey,* 74 N. C., 244, a threat to use a deadly weapon in defense of property was held justifiable, while to have carried out the threat would have been unlawful. The Court applying the doctrine, and distinguishing between necessary and excessive force, said: "The prosecutor at that time was committing a trespass upon the property of the defendant in his presence, by holding on to the defendant's saddle and claiming it as his own, and calling to another for help with the purpose of taking it by force, as the defendant had reasonable ground to believe. This conduct of the prosecutor was not such as to justify an actual battery with the knife in the first instance; but the defendant had the right to do what was necessary to make the prosecutor let go his saddle, beginning with moderate force, and increasing in the ratio of the resistance, without measuring it in golden scales. We are not left to any speculation as to whether he used too much or too little force; for the result shows that he used just enough to accomplish his purpose. If he had used more, he would have injured the prosecutor. If he had used less, and allowed the prosecutor's help to come up, he would have lost his property, or engaged in an unequal contest, with probably serious consequences." To like effect are the decisions in the two cases of *S. v. Austin,* 123 N. C., 749, and 752, 31 S. E., 731, and 1005.

The law of this jurisdiction was summarized by *Walker, J.,* in *S. v. Scott,* 142 N. C., 582, 55 S. E., 69, as follows: "A person may lawfully use so much force as is reasonably necessary to protect his property or to retake it, when it has wrongfully been taken by another or ·is withheld without authority; but if he use more force than is required for the purpose, he will be guilty of an assault. So if one deliberately and at the outset kills another with a deadly weapon in order to prevent a mere trespass, it is murder; and if he offers to strike with a deadly weapon or to shoot with a pistol, under the same circumstances, before resorting to a milder mode of prevention, he shows ruthlessness and a wanton disregard of human life and social duty. *S. v. Myerfield,* 61 N. C., 108.

"The right to protect person or property by the use of such force as may be necessary is subject to the qualification that human life must not be endangered or great bodily harm threatened except, perhaps, in urgent cases. The person whose right is assailed must first use moderate means before resorting to extreme measures. Clark's Cr. Law (2 ed.), 241, 242; *S. v. Crook,* 133 N. C., 672. Ordinarily, whether excessive force has been used is a question for the jury. *S. v. Goode,* 130 N. C., 651; *S. v. Taylor,* 82 N. C., 554. In *S. v. Morgan,* 25 N. C., 186, speaking of an assault with a deadly weapon to prevent a trespass, the Court, by *Gaston, J.,* says: 'It is not every right of person, and still less of property, that can lawfully be asserted, or every wrong that may be rightfully redressed by extreme remedies. There is a recklessness— a wanton disregard of humanity and social duty—in taking or endeavoring to take the life of a fellow-being in order to save one's self from a comparatively slight wrong, which is essentially wicked and which the law abhors. You may not kill, because you cannot otherwise effect your object, although the object sought to be effected is right. You can only kill to save life or limb, or prevent a great crime, or to accomplish a necessary public duty.' It is said in *S. v. McDonald,* 49 N. C., 19: 'Whether the deceased was in fact committing a trespass upon the property of the prisoner at the time when he was killed, and if he were, whether the prisoner could avail himself of it, as he assigned a different cause for the killing, it is unnecessary for us to decide. Admitting both of these inquiries to be decided in favor of the prisoner, the homicide is still, according to the highest authorities, murder, and murder only. To extenuate the offense in such a case, however, it must be shown that the intention was not to take life, but merely to chastise for the trespass, and to deter the offender from repeating the like, and it must so appear.' To the same effect is *S. v. Brandon,* 53 N. C., 463."

The question of excessive force, of course, is for the jury. *S. v. Goode, supra.*

Affirmed.