STATE v. CHARLES LEE.

(Filed 31 October 1962.)

**1. Assault and Battery § 8—**

The proprietor, or person in possession of a store, is not under duty to retreat in the face of a threat by another to take property from the store, and is justified in using such force in defense of the property as the violence of the attack warrants, but the necessity of using such force need not be actual, it being sufficient if the danger be such as to induce a reasonable man to believe that force is necessary, since the right to use force in defense of property obtains upon necessity either real or apparent.

STATE *v.* LEE.

**2. Assault and Battery § 15—**

Where defendant's evidence is to the effect that while he was in his store waiting on customers a patron in an intoxicated condition entered and requested beer, and, after being told that it was after hours for the sale of beer, stated that he was going to have some beer anyway and started around the counter toward defendant, when defendant hit him with a stick, an instruction to the effect that defendant's plea as to defense of property had to rest upon real necessity, rather than necessity, real or apparent, must be held for prejudicial error.

**3. Assault and Battery § 11—**

A warrant charging defendant with assault with a deadly weapon, to wit, a blackjack or some blunt instrument, is disapproved, since the nature of the weapon is charged disjunctively.

APPEAL by defendant from *Bundy, J.,* 17 June 1962 Term of LENOIR.

Criminal prosecution upon a warrant charging defendant on 21 April 1962 with unlawfully and wilfully assaulting Theodore Sutton "with a deadly weapon, to-wit, a blackjack or some blunt instrument," and inflicting upon him serious bodily injury on the left side of his head, heard *de novo* on appeal by defendant from the Municipal County Court of Lenoir County.

Plea: Not Guilty.   Verdict: Guilty of a Simple Assault.

From a judgment of imprisonment for thirty days, execution of sentence of imprisonment suspended on condition that defendant pay to Theodore Sutton for his benefit $54.00, and the costs, he appeals.

*J. Harvey Turner for defendant appellant.*

*Attorney General T. W. Bruton and Assistant Attorney General G. Andrew Jones, Jr., for the State.*

PARKER, J.   The State's evidence is to this effect:

About eleven o'clock p.m. on 21 April 1962 Theodore Sutton went into the defendant's store on the Greenville Highway to buy some ice cream. While a man was dipping up ice cream for him, the defendant came out of the back where drinks were kept, and struck Sutton on the back of his head with something that looked like a sawed-off pool stick handle, saying, "I told you to stay out of here." Sutton whirled around, and went out of the store. Sutton had had nothing to drink. Defendant had never told him to stay out of his store. Sutton's head was swollen as a result of the blow, and he had X-ray pictures taken of it. After Sutton left the store, defendant came out of his store whirling a pistol around in his hand.

Defendant's evidence is to this effect: Theodore Sutton came into his store about midnight, and wanted to buy some beer. He appeared

to be drinking. He told Sutton it was after hours, and he couldn't sell him any beer. He was waiting on someone else, and Sutton came back and said, "I want some beer." He told Sutton again it was after beer hours, and he couldn't sell him any. Sutton replied, "I am going to have some beer," and he was coming around the counter, and defendant hit him with a stick about 18 inches long and not larger than a finger. He hit Sutton one time. "He acted as if he was coming around the counter toward me when I hit him." Defendant on direct examination testified: "The reason I hit him is because I wouldn't sell him beer, and I thought he was coming on me, and I did it to protect myself. This was my store, and I was standing behind the cash register at the end of the counter. He was standing facing me on the other side of the cash register." Defendant testified on cross-examination: "He insisted that I sell him beer, and he was coming around the counter. I had never seen him before.* * *The only thing he said was that he was going to take some beer."

Christine Washington, a witness for defendant, testified: "This fellow [Sutton] came in. He told Charles Lee he wanted some beer. Charles Lee told him he couldn't sell him no beer because it was after hours. He told Charles he wanted some beer. The boy was going around the corner toward Mr. Lee and then he hit him with a stick."

Wesley Creech, a witness for defendant, testified: "He [defendant] told him [Sutton] he couldn't sell him any that it was after beer hours, and he turned to go around the counter where Mr. Lee was and Mr. Lee hit him with a short stick."

Thomas Whitley, a witness for defendant, testified: "It was about 12 o'clock. This fellow came in and wanted beer. Mr. Lee told him it was too late to buy beer. We were busy waiting on people and he came up again and said he wanted some beer—said it wasn't too late. He told him he couldn't get it that it was too late, it was after beer hours. He told him he was going to have some beer anyway and he turned. He was standing here and he came up behind coming back of the counter where Mr. Lee was standing and Mr. Lee picked that stick up and hit him."

As an incident to the indubitable right to acquire and own property, recognized by the Constitution of North Carolina and the Constitution of the United States, a person in possession of property, either as owner, or as the agent or servant of the owner, has the legal right to defend and protect it from threatened and impending injury or destruction at the hands of an aggressor, or if it is personal property, to prevent it from being unlawfully taken, or injured, or destroyed by another, and in doing so he may use such force as is reasonably necessary, and no more than is reasonably necessary, to accomplish this

end, subject to the qualification that, in the absence of a felonious use of force on the part of the aggressor, human life must not be endangered or great bodily harm inflicted. *Bailey v. Ferguson*, 209 N.C. 264, 183 S.E. 275; *Curlee v. Scales*, 200 N.C. 612, 158 S.E. 89; *S. v. Scott*, 142 N.C. 582, 55 S.E. 69; *S. v. Yancey*, 74 N.C. 244; *S. v. Morgan*, 25 N.C. 186, 38 Am. Dec. 714; *Com. v. Donahue*, 148 Mass. 529, 20 N.E. 171, 2 L.R.A. 623, 12 Am. St. Rep. 591 (opinion by Holmes, J.); *S. v. Shilling*, Mo. App., 212 S.W. 2d 96; *Ryerson v. Carter*, 92 N.J. Law 363, 105 A. 723, affirmed 93 N.J. Law 477, 108 A. 927; 6 C.J.S., Assault and Battery, secs. 20 and 94; 4 Am. Jur., Assault and Battery, secs. 61-73; Wharton's Criminal Law and Practice, Anderson Ed., secs. 353 and 354; Annotations: 25 A.L.R. 508, 537-564, 32 A.L.R. 1541, 34 A.L.R. 1488. "To this extent the right to protect one's possession has been regarded as an extension of the right to protect one's person, with which it is generally mentioned." *Com. v. Donahue*, *supra*.

Blackstone says: "In defense of my goods or possession, if a man endeavors to deprive me of them, I may justify laying hands upon him to prevent him; and in case he persists with violence, I may proceed to beat him away.* * *And, if sued for this or the like battery, he may set forth the whole case, and plead that he laid hands upon him gently, *molliter manus imposuit*, for this purpose." 3 Bl. Com. 121.

Ordinarily, whether the force used in the defense of property is greater than the circumstances of the case justify or the violence of the attack warrants is for the jury to determine. *Curlee v. Scales*, *supra*; *S. v. Goode*, 130 N.C. 651, 41 S.E. 3; *S. v. Taylor*, 82 N.C. 554; Annotation: 25 A.L.R. 548.

"To justify a resort to force in defense of property, the danger should be such as to induce one exercising reasonable and proper judgment to interfere to prevent the consummation of the injury; the mere suspicion or fear of encroachment is not justification for the use of force. The necessity, however, need not be real; it need be only reasonably apparent and the resistance offered be in good faith." 6 C.J.S., Assault and Battery, sec. 94, p. 951.

The first and essential element of the establishment of a perfect self-defense is the necessity, actual or apparent, for the exercise of the right. *S. v. Francis*, 252 N.C. 57, 112 S.E. 2d 756; *S. v. Fowler*, 250 N.C. 595, 108 S.E. 2d 892; *S. v. Goode*, 249 N.C. 632, 107 S.E. 2d 70; *S. v. Terrell*, 212 N.C. 145, 193 S.E. 161; *S. v. Marshall*, 208 N.C. 127, 179 S.E. 427.

No duty to retreat devolves upon a person who is assailed, without any fault of his own, in his home or place of business or on his premises.

*S. v. Francis, supra; S. v. Frizzelle,* 243 N.C. 49, 89 S.E. 2d 725; *S. v. Walker,* 236 N.C. 742, 73 S.E. 2d 868.

Defendant's evidence would permit a jury to find that about midnight on 21 April 1962 Theodore Sutton, who had been drinking, went into defendant's store, and said he wanted some beer. After defendant told him twice he couldn't sell him beer, because it was after beer hours, Sutton said "he was going to take some beer," and was going around the counter where defendant was standing behind the cash register, when defendant hit him with a short stick not larger than a finger. Defendant's evidence was sufficient to entitle him to have his plea of self-defense of his property and person passed upon by a jury under proper instructions by the court. *S. v. Miller,* 221 N.C. 356, 20 S.E. 2d 274.

Defendant assigns as error this part of the charge: "I charge you that a person has a right in his own business or store to protect himself, or his place of business from the attack of another, or to prevent an unlawful act being committed. So, if you find from the evidence and beyond a reasonable doubt that the defendant at the time and place in question assaulted Theodore Sutton with a deadly weapon, and that it was not done in self-defense, or in defense of his business, then you would return a verdict of 'Guilty.' "

The assignment of error is valid. The judge's charge was to the effect that the defendant's plea of self-defense must rest upon real necessity, and not upon necessity, real or apparent. The law in this State is thoroughly settled that the plea of self-defense rests upon necessity, real or apparent. *S. v. Francis, supra; S. v. Fowler, supra; S. v Goode,* (249 N.C. 632, 107 S.E. 2d 756) ; *S. v. Terrell, supra; S. v. Marshall, supra.*

The Attorney General with his usual candor admits that "the adequacy of his Honor's charge on the issue of self-defense is admittedly subject to question."

The allegation in the warrant, "with a deadly weapon, to-wit, a blackjack or some blunt instrument," is bad pleading and disapproved, because the description of the deadly weapon is charged disjunctively. *S. v. Helms,* 247 N.C. 740, 102 S.E. 2d 241; *S. v. Jones,* 242 N.C. 563, 89 S.E. 2d 129; *S. v. Faulkner,* 241 N.C. 609, 86 S.E. 2d 81; 42 C.J.S., Indictments and Informations, sec. 101.

For error in the charge defendant is entitled to a new trial, and it is so ordered.

New trial.