### STATE *v.* WILLIAM BALDWIN.

(Filed 11 May, 1911.)

**1. Evidence—Dying Declaration—Expectation of Death.**

For dying declarations to be admitted as evidence it is essential that they must have been made in expectancy and contemplation of impending death.

**2. Homicide—Uncommunicated Threats—Evidence.**

Exclusion of certain uncommunicated threats of the deceased uttered shortly before the homicide and tending to show animosity towards the prisoner and a purpose to do him bodily harm,

*held,* error when there is evidence on the part of the prisoner tending to show that the killing was in his self-defense and the proposed evidence would throw light upon the occurrence.

3. Homicide—Instructions—Willingness—Rightfulness.

A charge upon a trial for a homicide wherein there is evidence of self-defense is erroneous which instructs the jury that if the deceased and prisoner fought willingly at any time up to the fatal moment, it would be their duty to convict of manslaughter, as this would inculpate the prisoner if he had fought willingly but rightfully in his necessary self-defense.

4. Homicide—Insufficient Modifications.

In this action of homicide, there being evidence of self-defense, it appears that the judge in the concluding sentence of his charge upon the law of self-defense modified an error theretofore committed, but held insufficient as a correction.

APPEAL from *Pell, J.,* at the Fall Term, 1910, of WATAUGA.

Criminal action for murder. The jury returned a verdict of guilty of manslaughter, and from judgment pronounced the prisoner appealed.

*Attorney-General Bickett and Assistant Attorney-General George L. Jones for the State.*

*L. D. Lowe and T. A. Love for defendant.*

PER CURIAM. On a former appeal in this cause, the prisoner having been convicted of murder in the first degree, it was held that the testimony as it then appeared of record did not justify such a verdict, and a new trial was awarded, with the direction that if the evidence was the same the prisoner should be tried on the question of his guilt or innocence of the crime of manslaughter. *S. v. Baldwin,* 152 N. C., 822, where the facts are very fully reported. This opinion having been certified down and the evidence relevant to the inquiry being substantially the same as that received on the former trial, the case was submitted on the issue as indicated, and defendant, having been convicted of manslaughter, again appeals, assigning errors committed on the second trial. It was urged that the court improperly excluded relevant statements of the deceased tending to support the plea and claim of self-defense on the part of the prisoner, the same having been offered as dying

declarations, but it is essential to the admissibility of such statements that they be made in the expectancy and contemplation of impending death, and we concur with his Honor in the view that the facts as they now appear of record do not establish the conditions required.

It was insisted further that his Honor made an erroneous ruling in excluding evidence of certain uncommunicated threats of the deceased uttered shortly before the homicide, tending to show animosity towards the prisoner and a purpose to do him serious bodily harm. It is now generally recognized that in trials for homicide uncommunicated threats are admissible (1) where they tend to corroborate threats which have been communicated to the prisoner; (2) where they tend to throw light on the occurrence and aid the jury to a correct interpretation of the same, and there is testimony *ultra* sufficient to carry the case to the jury tending to show that the killing may have been done from a principle of self-preservation, or the evidence is wholly circumstantial and the character of the transaction is in doubt. *Turpin's case,* 77 N. C., 473; *S. v. McIver,* 125 N. C., 645; Hornigan & Thompson Self-defense, p. 927; *Stokes' case,* 53 N. Y.; *Holler v. State,* Ind., 57; *Cornelius v. Commonwealth,* 54 Ky., 539. In the present case, while there was evidence on the part of the State tending to show that the prisoner fought wrongfully and killed without necessity, there is testimony on his part tending to show a homicide in his necessary self-defense, and the proposed evidence, tending as it did to throw light upon the occurrence, should have been received.

The prisoner excepts further that his Honor charged the jury in part as follows: "Now, gentlemen of the jury, I repeat, if you should find that he fought willingly at any time up to the fatal moment, it would be your duty to convict the defendant of manslaughter, there being no evidence that he retreated or otherwise showed that he abandoned the fight; but if you should find that he entered into the compact unwillingly, then you should proceed to consider his plea of self-defense." In *Garland's case,* 138 N. C., 675-678, the Court said: "It is the law of this State that where a man provokes a fight by unlawfully

assaulting another, and in the progress of the fight kills his adversary, he will be guilty of manslaughter at least, though at the precise time of the homicide it was necessary for the original assailant to kill in order to save his own life." Citing Foster's Criminal Law, p. 276. But authority does not justify the position as contained in the excerpt from his Honor's charge, "That if he fought willingly at any time up to the fatal moment, it would be your duty to convict of manslaughter." This would be to inculpate a man who fought willingly but rightfully, and in his necessary self-defense." True, the concluding portion of the statement would seem to qualify the position to some extent, but not sufficiently so to correct it, and in a case of this importance, and as the matter goes back for another hearing, we have considered it best to advert to the error.

For the reasons stated, we think the prisoner is entitled to have this cause tried before another jury, and it is so ordered.

*Venire de novo.*