STATE v. JOHN BUDDY GOODE, JR.

(Filed 25 February, 1959.)

**1. Homicide § 18—**
Under the facts of the instant case, testimony of uncommunicated threats *held* competent under authority of *S. v. Minton,* 228 N.C. 15.

**2. Homicide § 27—**
Defendant's evidence was to the effect that he shot and felled one person and that another person, who was in the company of the felled person, ran to the felled person and reached for the felled person's gun, and that defendant then shot the second person, inflicting fatal injury. *Held:* An instruction basing defendant's right of self-defense upon whether the second person was making an unlawful and felonious assault upon defendant is prejudicial, since defendant's evidence, at most, tends to show that he had ground to believe that the second person was about to commit a felonious assault upon him.

**3. Same: Homicide § 9—**
A person has the right to kill in self-defense if he believes and has reasonable grounds for the belief, that he is about to be assaulted with a shotgun, even though no actual assault has been made, and that it is necessary for him to kill to save himself from death or great bodily harm, it being for the jury to determine the reasonableness of the belief upon the facts and circumstances as they appeared to defendant at the time of the killing.

APPEAL by defendant from *Huskins, J.,* November Term 1958 of RUTHERFORD.

Criminal prosecution for murder.

Jury Verdict: Guilty of manslaughter as charged in the bill of indictment.

From a judgment of imprisonment the defendant appeals.

*Malcolm B. Seawell, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*
*Hamrick & Hamrick for defendant, appellant.*

PARKER, J.   The defendant offered evidence tending to show that the defendant may have killed Lon Abrams in self-defense, which evidence was sufficient to carry the case to the jury, *ultra* any uncommunicated threats made a brief time before the homicide by Lon Abrams against the defendant.

Shortly before the fatal shooting Lon Abrams, armed with a shotgun, came to the house of J. T. Woods. The defendant assigns as error that the trial court, on motion of the solicitor for the State, excluded the testimony of his witness Ernestine Woods to the effect that there at J. T. Woods' house she heard Lon Abrams say "I'm going to kill that yellow man," and also heard him say to Clem Goode tell the defendant "to stick his head out of the door, and he would blow it off." These threats were not communicated to the defendant prior to the homicide.

Under the facts of the instant case the exclusion of these uncommunicated threats was prejudicial error and entitles the defendant to a new trial, according to our decisions in *S. v. Baldwin,* 155 N.C. 494, 71 S.E. 212; *S. v. Dickey,* 206 N.C. 417, 174 S.E. 316; *S. v. Minton,* 228 N.C. 15, 44 S.E. 2d 346. The admission of this evidence in the light of the facts here seems to us logical and humane.

The defendant testified that he shot Aden Proctor, who had shot him with a shotgun, that Proctor fell, that Lon Abrams ran to Proctor and "went over for the shotgun," and he shot Lon Abrams. Abrams died from his wound. The trial court charged the jury that as an essential element of self-defense the defendant must satisfy the jury from the evidence that an unlawful and felonious assault was being made upon him at the time and that he believed and had reasonable grounds to believe that he was about to suffer death or great bodily harm. The defendant assigns this part of the charge as error.

The exception is well taken and must be sustained. The defendant's testimony does not show that Lon Abrams was making an unlawful and felonious assault upon him at the time. At the most it tends to show that he had reasonable grounds to believe that Lon Abrams was about to commit a felonious assault upon him with a shotgun, and that it appeared to him to be necessary to kill Lon Abrams to save himself from death or great bodily harm. There is a marked distinction between an actual necessity for killing and a reasonable apprehension of losing life or receiving great bodily harm. The plea of self-defense rests upon necessity, real or apparent. *S. v. Rawley,* 237 N.C. 233, 74 S.E. 2d 620; *S. v. Robinson,* 213 N.C. 273, 195 S.E. 824; *S. v. Marshall,* 208 N.C. 127, 179 S.E. 427. The trial court should

have charged that if the defendant satisfied the jury from the evidence that he killed Lon Abrams in defense of himself, when not actually necessary to prevent death or great bodily harm, because he believed that Lon Abrams was about to assault him with a shotgun, and that it was necessary for him to kill Lon Abrams to prevent Lon Abrams from killing him or inflicting upon him great bodily harm, and had reasonable grounds for that belief, that would be excusable homicide: the reasonableness of this belief or apprehension must be judged from the facts and circumstances of the case as they appeared to the defendant at the time of the killing, but the jury and not the party charged is to determine the reasonableness of the belief or apprehension upon which the defendant acted. *S. v. Ellerbe,* 223 N.C. 770, 28 S.E. 2d 519; *S. v. Robinson, supra; S. v. Pollard,* 168 N.C. 116, 83 S.E. 167; *S. v. Johnson,* 166 N.C. 392, 81 S.E. 941; *S. v. Barrett,* 132 N.C. 1005, 43 S.E. 832; *S. v. Nash,* 88 N.C. 618.

The Attorney General with commendable candor concedes error in the trial court's exclusion of the testimony of Ernestine Woods as to the above mentioned uncommunicated threats, and also concedes error in the charge on self-defense as set forth above.

The defendant is entitled to a

New Trial.