STATE v. CURTIS FOWLER.

(Filed 12 June, 1959.)

**1. Homicide § 27—**

An instruction on self-defense to the effect that defendant must be under actual fear or have reasonable grounds to fear that his life was in danger and that he was in danger of great bodily harm *held* error or ambiguous, since the law does not require the defendant to show that he was actually in danger of death or great bodily harm.

**2. Same—**

An instruction to the effect that if defendant used more force than was necessary in his self-defense defendant would be guilty of manslaughter is erroneous.

**3. Criminal Law § 161—**

Conflicting instructions upon a material point must be *held* prejudicial.

**4. Homicide § 9—**

A defendant, when acting in his proper self-defense, may use such force only as is necessary or reasonably appears to him at the time of the fatal encounter to be necessary to save himself from death or great bodily harm, the reasonableness of the apprehension of necessity to act and the amount of force required to be judged by the jury upon the facts and circumstances as they appear to defendant at the time of the killing.

APPEAL by defendant from *Hobgood, J.,* October Criminal Term, 1958, of ALAMANCE.

Defendant was tried on a bill of indictment charging him with the murder of one Charlie Woods on 20 March, 1958. The Solicitor announced in open court at the commencement of the trial that the State would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or man-

slaughter as the jury should find the facts to be. The defendant entered a plea of not guilty and a jury was chosen and empanelled.

The State offered evidence which tended to show that defendant and Woods had a quarrel and fight a short while before the fatal encounter and that the defendant procured a pistol and shot deceased and thereby inflicted injuries from which death instantly ensued.

The defendant admitted the shooting but contended that he acted in his proper self-defense. He testified that deceased knocked him to his knees with a bottle and was advancing upon him with a knife at the time of the shooting.

The jury returned a verdict of manslaughter. From a judgment of imprisonment defendant appealed and assigned error.

*Walter D. Barrett for defendant, appellant.*
*Attorney General Seawell and Assistant Attorney General Bruton for the State.*

MOORE, J. Defendant's assignments of error challenge the correctness of the judge's instructions to the jury on the law of self-defense.

The court charged the jury as follows:

"Now the defendant has contended that he shot the deceased in self-defense. The Court instructs you that in order to show self-defense the killing with a deadly weapon having been admitted by the defendant as he has in this case, the defendant must show an absence of fault on his part, and that the killing was done while he was under actual fear or had reasonable grounds to fear that his life was in danger and that he was in danger of great bodily harm, and that it was necessary or that it reasonably appeared to him to be necessary to kill his assailant to save his own life or to protect himself from great bodily harm. I charge you further, if you should find beyond a reasonable doubt that more force was used in killing in self-defense than is reasonably necessary under the circumstances even if you find the killing is in self-defense, then the defendant would be guilty of manslaughter."

Near the end of the charge the judge further instructed the jury as follows:

"If you find, after considering all of the evidence that there was self-defense, but that in the self-defense there was justification for self-defense, but in his self-defense, the defendant did use more force than was necessary, if you are satisfied of that beyond a reasonable doubt, then you would return a verdict of Guilty of Manslaughter."

The foregoing instructions, taken as a whole, are inadequate to state the law of self-defense arising upon the facts in this case. More specifically, the explanation of the apprehension of danger which justifies a killing in self-defense and of the amount of force which may be employed in self-defense is insufficient and erroneous.

The charge states that, before the defendant's act in killing deceased may be excused on the ground of self-defense, he "must show . . . that . . . he was under actual fear or had reasonable grounds to fear that his life was in danger and that he was in danger of great bodily harm." At best the statement is ambiguous. We have no way of determining which construction the jury placed thereon. The law does not require the defendant to show that he was *actually* in danger of great bodily harm.

As stated by *Parker, J.,* in *State v. Goode,* 249 N.C. 632, 633, 107 S.E. 2d 70: "There is a marked distinction between an actual necessity for killing and a reasonable apprehension of losing life or receiving great bodily harm. The plea of self-defense rests upon necessity, real or apparent. *S. v. Rawley,* 237 N.C. 233, 74 S.E. 2d 620; *S. v. Robinson,* 213 N.C. 273, 195 S.E. 824; *S. v. Marshall,* 208 N.C. 127, 179 S.E. 427" See also *S v. Ellerbe,* 223 N.C. 770, 773, 28 S.E. 2d 519; *S. v. Johnson,* 184 N.C. 637, 643, 113 S.E. 617.

The pertinent principles of law are clearly set forth in *S. v. Marshall,* 208 N.C. 127, 129, 179 S.E. 427, as follows:

"The right to kill in self-defense or in defense of one's family or habitation rests upon necessity, real or apparent, and the pertinent decisions are to the effect:

"1. That one may kill in defense of himself, or his family, when necessary to prevent death or great bodily harm. (Citing authority.)

"2. That one may kill in defense of himself, or his family, when not actually necessary to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief. (Citing authority.)

"3. That the reasonableness of this belief or apprehension must be judged by the facts and circumstances as they appeared to the party charged at the time of the killing. (Citing authority.)

"4. That the jury and not the party charged is to determine the reasonableness of the belief or apprehension upon which he acted. (Citing authority.)" See also *S. v. Goode, supra,* at page 634.

With reference to the amount of force which may be used in self-defense, the court indicated at one point that no more force may be used than is "reasonably necessary." Later in the charge the jury

was instructed that the defendant would be guilty of manslaughter if he used "more force than was necessary."

When there are conflicting instructions upon a material point a new trial must be granted, as the jury is not supposed to be able to determine when the judge states the law correctly or when incorrectly. *S. v. Johnson, supra.* at page 642.

A defendant, when acting in his proper self-defense, may use such force only as is necessary, or as reasonably appears to him at the time of the fatal encounter to be necessary, to save himself from death or great bodily harm. "The reasonableness of the apprehension of necessity to act, and the amount of force required, must be judged by the jury upon the facts and circumstances as they *appeared* to the defendant at the time of the killing." *S. v. Moore,* 214 N.C. 658, 661, 200 S.E. 427; *S. v. Bryant,* 231 N.C. 106, 55 S.E. 2d 922.

New Trial.