STATE OF NORTH CAROLINA v. ELIJAH STRATER, JR.

(Filed 13 December, 1967.)

**1. Assault and Battery § 14—**

Evidence in this case held sufficient to support conviction of defendant of assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.

**2. Assault and Battery § 8—   Instruction on right of self-defense held erroneous.**

Where the evidence discloses that defendant was an employee of a dance hall, that a dispute arose between another employee and a patron, that defendant went to the scene and, only after the patron had fired one shot and was attempting to fire another, did defendant hit the patron with a baseball bat, it is error for the court to charge the jury that it is the duty of a person assaulted other than in his home to retreat as far as he can with reference to his own safety before acting in self-defense, since on the evidence, viewed in the light favorable to defendant, defendant is entitled to a charge that if defendant did not bring on the difficulty and was assaulted with a deadly weapon he was entitled to repel the assault, provided he did not use excessive force.

APPEAL by defendant from *Hobgood, J.,* July, 1967 Criminal Session, GRANVILLE Superior Court.

In this criminal prosecution, Elijah Strater, Jr. was indicted, tried, convicted by the jury, and sentenced by the Court to a term of 3 to 5 years in the State's prison. The indictment charged a felonious assault on Arthur Walker with a deadly weapon, to wit, a baseball bat, with intent to kill, inflicting serious injury not resulting in death.

The State's evidence disclosed that Elijah Strater, Jr. and Jessie Marrow were employed by a dance hall operator in Granville County. On the night of March 11, 1967 Arthur Walker, with two companions, attended a dance. A dispute arose between Walker's companion, Willie Thornton, and Jessie Marrow over the former's admission fee. The argument took place on the platform near the door. Walker

went to the platform and offered to pay Thornton's admission fee. Marrow refused to receive it. During the argument Strater picked up a baseball bat and struck Walker on the head. Walker was unconscious for 5 hours, remained in the hospital for 3 weeks, has not been able to work since, and has lost the sight in one eye. Walker and another witness testified Walker was unarmed.

The defendant, Strater, testified he went to the platform after the argument began and that Walker drew a pistol, fired a shot at him which creased his face, and was attempting to shoot again when the defendant picked up the bat and used it in his self defense. He offered a witness who corroborated his story, except that he did not hear the shot. About 100 people were in the hall and there was a lot of noise. One of the State's witnesses testified: ". . . I saw the pistol marked Defendant's Exhibit A lying right beside the piccolo and Walker. . . . I didn't see the pistol until after Walker was hit . . ."

From the judgment imposed on the verdict of guilty, the defendant appealed.

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney, for the State.*
*Hugh M. Currin for defendant appellant.*

PER CURIAM. The defendant assigns as error the Court's refusal to direct a verdict of not guilty on the ground the evidence was insufficient to justify a conviction. The State's evidence made out a case of felonious assault. The defendant's evidence made out a case of self defense.

In the charge, the Court instructed the jury: "The laws of self-defense vary depending on whether a person is at his home, trying to protect his family and what not, but here we have the defendant in a place of business . . . but when you are other than in your own home when you are being assaulted you must retreat as far as you can do in reference to your own safety."

The evidence disclosed the defendant was an employee of Chavis Inn, where the dance was being conducted. When the disturbance began on the platform near the door, the defendant went to the scene. According to the State's evidence, he used the bat without any provocation. However, according to the defendant's evidence, he was assisting in preserving order and did not wield the bat until Walker had fired one shot and was attempting to fire again. At that instant the defendant used the bat. The defendant worked at the dance hall, but that was not his home. Nevertheless, if he was without fault in bringing on the difficulty, when he was assaulted

with the pistol, he had a right to stand his ground and repel force with force. He was within the law, so long as he used no more force than was reasonably necessary or which appeared to him to be reasonably necessary to repel the assault. *State v. Fowler,* 250 N.C. 595, 108 S.E. 2d 892.

The charge as quoted above denied the defendant the right to defend himself without first retreating. The Attorney General concedes, and we agree, the charge was erroneous because it did not state the proper rule to be applied if the jury should find the defendant did not bring on the difficulty, was assaulted with a deadly weapon, and did not use excessive force in resisting the assault. For the errors in the charge, the defendant is entitled to a

New trial.