STATE OF NORTH CAROLINA v. JAMES CLEVELAND HARDEE

No. 685SC248

(Filed 15 January 1969)

**1. Criminal Law § 113— instructions — statement of evidence**

In the instructions to the jury, recapitulation of all the evidence is not required, but the trial judge is required to state the evidence to the extent necessary to explain the application of the law thereto. G.S. 1-180.

**2. Homicide § 24— instruction as to cause of death — assumption that defendant fired fatal shot**

In homicide prosecution, instruction which assumed that defendant fired the fatal shot is erroneous as an expression of opinion by the trial court, since defendant's admission that he shot at the deceased and his stipulation that the cause of death resulted from gunshot wounds of the chest do not constitute an admission by defendant that he fired the fatal shot.

**3. Homicide § 28— instruction on self-defense — apparent necessity**

An instruction on self-defense that defendant could use no more force than was reasonably necessary is erroneous, the correct rule being that defendant could use such force as was reasonably or apparently necessary.

**4. Criminal Law §§ 88, 97— recross-examination**

After a witness has been cross-examined and re-examined, it is in the discretion of the trial judge to permit or refuse a second cross-examination, and counsel cannot demand it as a right.

APPEAL by defendant from *Hubbard, J.*, 1(2) January 1968, Mixed Session of Superior Court of PENDER.

Defendant was charged in a bill of indictment with the murder of Warren L. Nedley on 20 December 1966. Upon calling the case for trial the solicitor for the State announced that he "would place the defendant on trial for second degree murder". Upon defendant's plea of not guilty, trial was by jury. The verdict was guilty of manslaughter. Upon the imposition of an active prison sentence defendant appealed assigning error.

*Attorney General T. W. Bruton and Deputy Attorney General James F. Bullock for the State appellee.*

*Burney & Burney by John J. Burney, Jr., and Rountree & Clark by George Rountree, Jr., for defendant appellant.*

MORRIS, J.

The evidence for the State in substance tends to show that defendant's daughter, Marlene Hardee Nedley, married the deceased,

Warren Lee Nedley, Jr., on the night of 19 December 1966. On the afternoon of the 19th defendant went with the couple to get their blood test. Defendant also went with them to the Register of Deeds office to secure the marriage license since his daughter was under 18. Defendant signed for his daughter to get the license. Defendant asked his daughter to wait until Christmas Eve to get married, but she and Nedley went to a justice of the peace about 9:00 p.m. that same date and were married. They returned to defendant's home about 11:00 p.m. and informed defendant and his wife that they were married, at which time defendant became angry and attempted to call the justice of the peace. The deceased and Marlene interfered with the telephone so that he could not make the call. Defendant got mad and went outside the house.

Marlene fixed a sandwich and split it with her husband. After a few minutes, Marlene told her husband to go outside because "I think Daddy's mad, and he might be cutting our tires." A short time after Nedley went out, Terry Lee Hardee, brother of Marlene, hollered and Marlene and her mother started out of the house. Before reaching the yard, Marlene heard two shots. She saw her father with a .22-caliber rifle, constantly shooting, and her husband running around the car and her daddy running around the car. She did not see a weapon in her husband's hands. She saw her husband fall, and he called for help. Marlene went to her husband, and with the help of her brother, tried to get him in the car. Unable to do so, she went for help and an ambulance came for Nedley. Marlene found a pistol belonging to her husband lying on the ground near him.

Defendant's evidence tends to be substantially in accord with the testimony of his daughter Marlene, except as to what occurred just prior to and at the time of the shooting in the yard. Defendant testified that Nedley came out of the house with him, after prohibiting him from making the telephone call; that Nedley grabbed him by the arm, and when defendant snatched away, Nedley struck him on the side of his head. Defendant heard a noise, and saw that Nedley had gone to his car and was shooting at defendant with a pistol. Defendant got his rifle out of his own car and shot the glass out of Nedley's car. Defendant kept calling out to the deceased, but deceased did not answer. Defendant's clothes had two bullet holes in them. Defendant's evidence tends to show he acted in self-defense in returning the fire of the deceased.

The trial judge stated in the charge:

"Now, ladies and gentlemen, I will not repeat the evidence in

this case. It is your duty to remember what was said from the witness stand. If my recollection or that of counsel differs from your recollection, you would disregard what I said the evidence was or what counsel said the evidence was and be guided solely by your own recollection of what was said from the witness stand."

**[1]** The judge did not repeat the evidence or any part of it in the charge. Recapitulation of all the evidence is not required, and the statute is complied with in this respect by presentation of the principal features of the evidence relied on respectively by the prosecution and defense. 3 Strong, N. C. Index 2d, Criminal Law, § 113. *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14. In the case under consideration, the trial judge did not recapitulate any of the evidence and did not present to the jury, in the charge, the principal features of the *evidence* relied on by the defendant. The judge in the final mandate of the charge made application of the law to situations and circumstances without stating the evidence thereof. This does not comply with the provisions of G.S. 1-180, requiring a statement of the evidence to the extent necessary to explain the application of the law thereto. *State v. Floyd,* 241 N.C. 298, 84 S.E. 2d 915. In charging the jury, the stating of abstract principles of law is not sufficient. Apparently the failure to recapitulate the evidence to the extent necessary to enable him to explain the application of the law thereto was an oversight on the part of the learned trial judge; however, his failure to do so was error prejudicial to defendant.

Defendant also excepts to and assigns as error the following portion of the judge's charge:

"When you come to consider his plea of self-defense, you should ask yourselves these questions: First, at the time of the firing of the fatal shot that took the life of Warren L. Nedley, was Mr. Hardee at a place where he had a right to be? — and the court charges you that he was at home and was at a place where he had a right to be. Two, was he himself without fault in bringing on or entering into the encounter or difficulty with Warren L. Nedley? Three, was he, Mr. Hardee, unlawfully and feloniously assaulted by Warren L. Nedley, by Nedley shooting at him or threatening to shoot at him? Four, did he, Mr. Hardee, believe and have reasonable grounds to believe that he was about to suffer death or great bodily harm at the hands of Warren Nedley? Five, did he act with ordinary firmness and prudence, under the circumstances as they reasonably appeared to him and under the belief that it was necessary to kill Nedley

in order to save his own life or to protect himself from great bodily harm? Six, did he use no more force than was reasonably necessary to repel the assault which he contends Nedley was making upon him at the time the fatal shot was fired? If you are satisfied from all the evidence and circumstances in the case that the truth requires you to answer each of these questions 'Yes,' then it would be your duty to find the defendant not guilty."

**[2, 3]** We think the above instruction is erroneous in two respects. (1) In the first question stated the judge expressed an opinion when he assumed that the defendant fired the fatal shot. The defendant admitted shooting *at* the deceased, and the defendant stipulated at the trial "that the cause of the death of Warren L. Nelley, Jr., was the result of gunshot wounds of the chest", but since the defendant did not admit he fired the shots causing wounds which resulted in the death of the deceased, it was for the jury, and not the judge, to say whether the defendant fired the fatal shot. (2) It is also erroneous in that the judge failed to charge the jury correctly as to the amount of force which could be used. In the above instructions, the jury was told that the defendant could use no more force than was *reasonably necessary*. The law is that the defendant could use such force as was reasonably necessary or *apparently* necessary. In the case of *State v. Francis*, 252 N.C. 57, 112 S.E. 2d 756, the Supreme Court said:

"This Court said in *S. v. Pennell*, 231 N.C. 651, 58 S.E. 2d 341:

'Ordinarily, when a person, who is free from fault in bringing on a difficulty, is attacked in his own dwelling, or home, or place of business, or on his own premises, the law imposes upon him no duty to retreat before he can justify his fighting in self-defense, — *regardless of the character of the assault.*' (Emphasis added) (2) It is erroneous in that the court failed to charge the jury with respect to the use of such force as was necessary or *apparently necessary* to protect the defendant from death or great bodily harm. The plea of self-defense rests upon necessity, real or apparent. *S. v. Fowler*, 250 N.C. 595, 108 S.E. 2d 892; *S. v. Goode*, 249 N.C. 632, 107 S.E. 2d 70; *S. v. Rawley*, 237 N.C. 233, 74 S.E. 2d 620. Or, to put it another way, one may fight in self-defense and may use more force than is actually necessary to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief. The reasonableness of such belief or apprehension must be judged by the facts and circumstances as they appear to the

party charged at the time of the assault. As pointed out by *Moore, J.,* in *S. v. Fowler, supra,* 'The law does not require the defendant to show that he was actually in danger of great bodily harm.' Neither does it limit the force to be used in self-defense to such force as may be *actually* necessary to save himself from death or great bodily harm. But the jury and not the party charged is to determine the reasonableness of the belief or apprehension upon which the party charged acted. *S. v. Rawley, supra,* and cases cited therein."

In the original record on appeal as part of the instructions given to the jury by the judge there appears the following, to which the defendant excepts and which is assigned as error:

"If you find the defendant, Mr. Hardee, guilty of murder in the second degree, you need not consider whether he is guilty of manslaughter. But if you find him not guilty of murder in the second degree, then it would be your duty to find him guilty of manslaughter, as charged in the bill of indictment."

This constitutes an expression of opinion by the judge which is prohibited by G.S. 1-180 and is obviously an error. We are bound by the record. However, in an addendum to the record there appears what purports to be Exhibit One, which appears to be a letter to defendant's counsel from a court reporter. This letter is dated 21 June 1968 and apparently attempts to correct the above instruction. The court reporter states that she made an error in transcribing when she turned two leaves of her shorthand notebook at one time. It is noted, however, that counsel for the defendant and the solicitor for the State stipulated that the original record as printed "constitutes the agreed record and statement of case on appeal." The difficulty we have with a record such as this is that there was no agreement or stipulation with respect to the addendum. Although the defendant does not argue this particular point in his brief, he does refer in his brief to the exception taken. What gives us concern is whether this Court should act on what the parties stipulated, or on a purported correction appearing in a letter as an addendum. In view of the disposition of this case decision on this point is not necessary and we do not decide it.

[4] Defendant strenuously argues and contends that the court committed error in rulings on the evidence on the cross-examination of the prosecuting witness, Marlene Nedley. The defendant took 44 exceptions to the rulings of the trial judge on the second cross-examination of the prosecuting witness. The defendant, after the first examination, fully cross-examined the prosecuting witness, and no

exception was taken to any ruling of the court. Then the State propounded questions on redirect examination. Thereafter the defendant proceeded to cross-examine the witness again, and that is when the defendant contends the court committed error. The court intimated to counsel for the defendant in the absence of the jury that the reason the evidence was not admitted was because none of the testimony sought to be elicited was touched on in the redirect examination. The rule is as follows: "After a witness has been cross-examined and re-examined, it is in the discretion of the trial judge to permit or refuse a second cross-examination, and counsel can not demand it as a right". Stansbury, N. C. Evidence 2d, § 36. In addition, more than half of these exceptions were taken in the absence of the jury. We do not rule on these exceptions, since, in our opinion, the defendant is entitled to a new trial for error in the charge, and these questions may not recur on another hearing.

New trial.

MALLARD, C.J., and CAMPBELL, J., concur.