STATE OF NORTH CAROLINA v. MAYNARD McGUINN
No. 6929SC453

(Filed 19 November 1969)

1. **Criminal Law §§ 43, 66— photographs — appearance of defendant — beard and mustache — prejudice**

     In a homicide prosecution, photographs purporting to show defendant on the night of the offense with a mustache and a short growth of beard were properly admitted in evidence as material and relevant to the issue of defendant's guilt, notwithstanding defendant's claims of prejudice on the grounds that he is "a nice looking, clean shaven man" and that the jury generally associates the wearing of beards with a disrespect for the law, where (1) one of the eyewitnesses had identified defendant as "the boy with the beard" and (2) defendant himself testified on cross-examination that the photographs fairly and accurately represented his appearance on the night of the shooting.

2. **Criminal Law § 43— photographs — admissibility — prejudicial effect**

     Photographs otherwise competent for the purpose of illustrating the testimony of a witness are not rendered inadmissible solely because they may tend to arouse prejudice.

3. **Criminal Law § 86— impeachment of defendant's credibility — date of marriage — children prior to marriage**

     There is no merit to defendant's contention that the question asked him on cross-examination as to the date of his marriage was prejudicial in that subsequent examination as to the age of his children disclosed he had two children by his wife prior to the marriage, since (1) at the time the question was asked the evidence of the marriage date was innocuous, (2) defendant failed to object when he was later asked the age of his children, and (3) the solicitor may impeach defendant's credibility by cross-examination as to collateral matters, provided the questions are based on information and asked in good faith.

4. **Homicide § 28— self-defense — instruction — rule of apparent necessity**

     In homicide prosecution, an instruction on self-defense that defendant

could use no more force than was reasonably necessary is erroneous, the correct rule being that defendant could use such force as was necessary or *apparently necessary* to protect him from death or great bodily harm.

APPEAL by defendant from *McLean, J.,* May 1969 Session of POLK Superior Court.

This is a criminal prosecution on an indictment charging defendant with the first-degree murder of Paul Kuykendall on 1 February 1969. The solicitor announced in open court he would not try the defendant for first-degree murder, but would place him on trial for second-degree murder or manslaughter as the evidence might disclose. The defendant pleaded not guilty.

The State presented evidence of three eyewitnesses who testified in substance as follows: At approximately 9:15 p.m. on 1 February 1969 they had driven to a filling station operated by Paul Kuykendall in the town of Tryon, N. C., for the purpose of purchasing oil. When they arrived they found the defendant and one Daniel Franklin already at the station. The defendant and Franklin had both been drinking and were arguing with Kuykendall, though the State's witnesses did not know exactly what the argument was about. Kuykendall told the defendant and Franklin to leave, and they did leave the station, walking across the street. The defendant and Franklin stood across the street from the filling station for a few minutes, after which one of them — the State's witnesses did not know which — called to Kuykendall to come across the street. Kuykendall left the filling station, crossed the street to where defendant and Franklin were standing, and the argument continued for a few minutes. The witnesses then observed the defendant pull out a gun and shoot Kuykendall in the abdomen. Kuykendall backed away a few steps, then pulled a pistol from his pocket and shot back two or three times, but without hitting either the defendant or Franklin, both of whom ran. The State also presented medical evidence that Kuykendall died in the hospital early the next morning as a result of the bullet wound in his abdomen.

Defendant, appearing as a witness in his own behalf, admitted he shot Kuykendall, but testified he did so only after Kuykendall had first fired at him and testified to other circumstances tending to support his contention that he acted only in self-defense. After two defense witnesses had testified to defendant's good character and reputation, Daniel Franklin testified as a witness for defendant in support of defendant's version of what had occurred at the time of the shooting.

The jury found defendant guilty of murder in the second-degree. From judgment imposing prison sentence for a term of 25 years, defendant appealed.

*Attorney General Robert Morgan, Deputy Attorney General Jean A. Benoy and Special Assistant Thomas J. Bolch, for the State.*

*Hamrick & Hamrick, by J. Nat Hamrick, for defendant appellant.*

PARKER, J.

**[1, 2]** Defendant assigns as error the trial court's overruling of his objection to the introduction in evidence of two photographs which purport to show his appearance on the night the crime was committed. He contends these did not illustrate the testimony of any witness and were therefore not competent, and that their introduction in evidence was prejudicial because they showed defendant with a mustache and a short growth of beard, whereas, so his counsel asserts, the defendant is "a nice looking, clean shaven man." Defendant's counsel contends that beards and mustaches as shown in the pictures "are generally associated in the minds of the jury and the population as being worn by persons who are either criminals or have a disrespect for the law," and that therefore the pictures were prejudicial to the defendant. Without expressing any opinion as to the accuracy of counsel's appraisal of prevailing public attitudes toward hair styles currently popular with one segment of our male population, we find no merit in this assignment of error. Defendant's appearance on the night the shooting occurred was material and relevant. On that night one of the State's eyewitnesses had reported to the police that "the boy with the beard pulled the gun and shot Paul," thereby identifying the defendant. The defendant himself testified on cross-examination that the photographs fairly and accurately represented his appearance on the night of the shooting except that his beard "wasn't showing up quite that heavy." Photographs otherwise competent for the purpose of illustrating the testimony of a witness are not rendered inadmissible solely because they may tend to arouse prejudice. *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10.

**[3]** The defendant assigns as error the overruling of his objection to the question asked him on cross-examination as to the date of his marriage. He contends this prejudiced him in the eyes of the jury, since his further answers on cross-examination subsequently disclosed that he already had two children by his wife when he mar-

ried her sometime after the date of the shooting. There is no merit
to this assignment of error. At the time the question was asked con-
cerning the date of his marriage the evidence elicited was innocuous,
and defendant failed to object later when questions were asked as
to the age of his children. Moreover, in this jurisdiction it has long
been settled that "(f)or the purpose of impeaching defendant's cred-
ibility as a witness the solicitor may cross-examine him as to col-
lateral matters, including charges of other criminal offenses and de-
grading actions, provided the questions are based on information and
asked in good faith." 2 Strong, N.C. Index 2d, Criminal Law, § 86,
p. 607.

[4]    Defendant assigns as error the judge's charge to the jury
relative to his plea of self-defense. In this connection the judge in-
structed the jury that it would be their duty to acquit the defendant
if they were satisfied from the evidence that each of several ques-
tions should be answered in the affirmative. One of these questions
as contained in the judge's charge was: "Did he (the defendant) use
no more force than was reasonably necessary to repel the assault,
which he contends the deceased was making upon him at the time
the fatal shot was fired?" In *State v. Hardee,* 3 N.C. App. 426, 165
S.E. 2d 43, this Court has already pointed out that this charge is
erroneous in that the court failed to charge the jury with respect
to the use of such force as necessary or as was *apparently necessary*
to protect the defendant from death or great bodily harm, quoting
from *State v. Francis,* 252 N.C. 57, 112 S.E. 2d 756, in which our
Supreme Court said:

> "The plea of self-defense rests upon necessity, real or ap-
> parent. *S. v. Fowler,* 250 N.C. 595, 108 S.E. 2d 892; *S. v. Goode,*
> 249 N.C. 632, 107 S.E. 2d 70; *S. v. Rawley,* 237 N.C. 233, 74
> S.E. 2d 620. Or, to put it another way, one may fight in self-
> defense and may use more force than is actually necessary to
> prevent death or great bodily harm, if he believes it to be nec-
> essary and has a reasonable ground for the belief. The reason-
> ableness of such belief or apprehension must be judged by the
> facts and circumstances as they appear to the party charged at
> the time of the assault. As pointed out by *Moore, J.,* in *S. v.*
> *Fowler, supra,* 'The law does not require the defendant to show
> that he was actually in danger of great bodily harm.' Neither
> does it limit the force to be used in self-defense to such force as
> may be *actually* necessary to save himself from death or great
> bodily harm. But the jury and not the party charged is to de-
> termine the reasonableness of the belief or apprehension upon
> which the party charged acted."

While in other portions of his charge to the jury the trial judge correctly stated the law applicable to the plea of self-defense, this did not render harmless the error pointed out above. "Conflicting instructions upon a material aspect of the case must be held prejudicial error, since it cannot be known which instruction was followed by the jury." 7 Strong, N.C. Index 2d, Trial, § 33, p. 327.

We do not pass upon the defendant's remaining assignments of error, since they may not recur and since for the error in the charge noted above, defendant is entitled to a

New trial.

CAMPBELL and GRAHAM, JJ., concur.