STATE OF NORTH CAROLINA v. THELMA EALY

No. 6926SC553

(Filed 17 December 1969)

**1. Homicide § 28—   instructions on self-defense — assumption that defendant stabbed deceased**

In this homicide prosecution wherein it was stipulated that deceased died as the result of a stab wound, an instruction on self-defense which is subject to the interpretation that the trial judge held the opinion that the stabbing of deceased by defendant was an established fact *is held* erroneous as an expression of opinion in violation of G.S. 1-180.

**2. Homicide § 28—   instruction on self-defense — apparent necessity**

An instruction on self-defense that defendant could use no more force than was reasonably necessary to repel an assault is erroneous, the correct rule being that defendant could use such force as was reasonably or apparently necessary.

APPEAL by defendant from *Falls, J.,* at the 4 August 1969 Schedule "C" Criminal Session of Superior Court held in MECKLENBURG County.

Defendant was tried upon a bill of indictment charging her with murder in the second degree. The jury returned a verdict of guilty of murder in the second degree as charged in the bill of indictment. From judgment of imprisonment for not less than twelve years nor more than fifteen years, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney Roy A. Giles, Jr., for the State.*

*W. Herbert Brown, Jr., for the defendant appellant.*

MALLARD, C.J.

Since there is to be a new trial, we do not deem it necessary or proper to state the evidence in detail. However, the evidence, when taken in the light most favorable to the State, tends to show that on 24 May 1969 the defendant stabbed and killed her boyfriend, Jesse Osborne, with a butcher knife. The trial judge correctly overruled the defendant's motion for judgment as of nonsuit.

Defendant contends, and we agree, that the trial judge committed error in charging the jury as follows:

"(A)nd when you come to consider her plea of self-defense, you should ask yourselves these questions:

1.  At the time of the stabbing that killed the deceased, Jesse Osborne, was the defendant at a place where she had the right to be?

2.  Was she, herself, without fault in bringing on or entering into the encounter or difficulty with the deceased?

3.  Was she unlawfully or feloniously assaulted by the deceased?

4.  Did she believe and have reasonable ground to believe that she was about to suffer death or great bodily harm at the hands of the deceased?

5.  Did she act with ordinary firmness and prudence under the circumstances as they reasonably appeared to her and under the belief that it was necessary to kill the deceased in order to save her own life or to protect her person from enormous bodily harm?

6.  Did she use no more force than was reasonably necessary to repel the assault which she contends the deceased, Jesse Osborne, was making upon her at the time of the fatal stabbing? If you are satisfied from the evidence by the defendant or from the evidence against her from all of the evidence and circumstances in the case that the truth requires an affirmative answer to all of these questions, that is that they should be answered YES, then it would be your duty to acquit the defendant."

[1]  There was sufficient evidence of self-defense to require the judge to instruct the jury as to the law of self-defense. The defendant stipulated that "Jesse Osborne died on May 24, 1969, as a result of a stab wound inflicted on this date," but denied that she stabbed him. The instruction contained in paragraph numbered one above is erroneous in that it is subject to the interpretation that the judge held the opinion that the stabbing of the deceased, Jesse Osborne, by the defendant was an established fact. See *State v. Hardee,* 3 N.C. App. 426, 165 S.E. 2d 43 (1969). An expression of opinion by the trial judge is prohibited by G.S. 1-180.

[2]  The instruction contained in paragraph numbered six above is erroneous in that the judge failed to instruct the jury correctly as to the amount of force which could be used by the defendant in self-defense. The jury was told that the defendant, in self-defense, could use no more force than was *reasonably necessary* to repel an assault. The correct rule of law is that the defendant could use such force as was reasonably necessary or *apparently necessary. State v. Hardee, supra.* "The plea of self-defense rests upon necessity, real or apparent." *State v. Goode,* 249 N.C. 632, 107 S.E. 2d 70 (1959). A person may

fight in self-defense and is not limited to the use of such force as may be *actually* necessary to save himself from death or great bodily harm, but he may use more force than is actually necessary for such purpose, if he believes it to be necessary and has reasonable ground for the belief. The jury and not the party charged is to determine the reasonableness of the belief or apprehension upon which he acted; however, this determination must be made in the light of the facts and circumstances as they appeared to the party charged at the time of the killing. *State v. Kirby*, 273 N.C. 306, 160 S.E. 2d 24 (1968); *State v. Francis*, 252 N.C. 57, 112 S.E. 2d 756 (1960). It is error to omit the element of apparent necessity from an instruction on self-defense.

We do not deem it necessary to discuss defendant's other assignments of error.

New trial.

MORRIS and HEDRICK, JJ., concur.