STATE OF NORTH CAROLINA v. CHARLES EDWARD SMITH

No. 7026SC175

(Filed 6 May 1970)

**Homicide § 28— instruction on self-defense — apparent necessity**

An instruction on self-defense that defendant could use no more force than was reasonably necessary to repel an assault is erroneous, the correct rule being that defendant could use such force as was reasonably necessary or apparently necessary.

APPEAL by defendant from *Falls, J.,* 1 December 1969 Schedule "C" Criminal Session of Superior Court held in MECKLENBURG County.

The defendant, Charles Edward Smith, was charged in a bill of indictment with murder in the first degree of Robert Samuel Mobley. He was tried upon the charge of murder in the second degree. The jury found him guilty of manslaughter. From a judgment of imprisonment for a term of twenty years, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Blackburn for the State.*

*Lacy W. Blue for defendant appellant.*

MALLARD, C.J.

The defendant's only assignment of error is to the following portion of the charge:

"When you come to consider his plea of self-defense, you should ask yourself these questions: (1) At the time of the firing of the fatal shot that took the life of the deceased, Robert Mobley, was the defendant at the place where he had the right to be? (2) Was he himself without fault in bringing on or entering into the encounter or difficulty with the deceased? (3) Was he unlawfully or feloniously assaulted by the deceased? (4) Did he believe and have reasonable grounds to believe that he was about to suffer death or great bodily harm at the hands of the deceased? (5) Did he act with ordinary firmness under the circumstances as they reasonably appeared to him and under the belief that it was necessary to kill the deceased in order to save his own life or to protect his person from enormous bodily harm? (6) Did he use no more force than was reasonably necessary to repel the assault which he contends the deceased was making upon him at the time the fatal shot was fired?

> If you are satisfied from the evidence in this case offered by the defendant or from the evidence offered — No, strike that out. Let me start over.

> If you are satisfied from the evidence offered by the defendant or from the evidence offered against him from all of the evidence and circumstances in the case that the truth requires an affirmative answer to these six questions, that is, that they should all be answered yes, then it would be your duty to acquit the defendant."

The defendant contends, and we agree, that the court committed error in instructing the jury as set forth in question (6) above. This instruction is erroneous in that it failed to present to the jury the question of whether the necessity for the use of force by the defendant in self-defense was real or apparent. The correct rule is that the defendant could use such force as was reasonably necessary *or apparently necessary*. *State v. Ealy,* 7 N.C. App. 42, 171 S.E. 2d 24 (1969). The question of apparent necessity is discussed by Justice Branch in *State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970).

> "There is a marked distinction between an actual necessity for killing and a reasonable apprehension of losing life or receiving great bodily harm. The plea of self-defense rests upon necessity, real or apparent." *State v. Goode,* 249 N.C. 632, 107 S.E. 2d 70 (1959).

For error in the instructions, the defendant is awarded a new trial.

New trial.

MORRIS and VAUGHN, JJ., concur.