Smith v. Kilburn

---

PAULINE PARRISH SMITH, ADMINISTRATRIX OF WELDON
PARRISH, DECEASED v. JIMMY DALE KILBURN

No. 738SC67

(Filed 23 May 1973)

1. **Automobiles § 45— liquor bottle found at accident scene — relevancy of testimony**

In this action for the wrongful death of a pedestrian struck by defendant's automobile, testimony concerning a liquor bottle found at the accident scene by the investigating officer was relevant where the officer testified that he detected an odor of alcohol on defendant's breath and that a cork stopper he found in defendant's automobile fit the bottle and the stamp or paper on the cork meshed with that on the neck of the bottle.

2. **Death § 1— wrongful death action — reading from death certificate**

The trial court in a wrongful death action did not err in allowing to be read to the jury portions of decedent's death certificate stating the date of death, place of injury, time decedent was pronounced dead and that the cause of death was multiple injuries.

3. **Trial § 33— recapitulation of evidence — absence of facts discrediting witness**

The trial court in a wrongful death action did not err in failing to include in its recapitulation of the evidence certain facts brought out on cross-examination of plaintiff's witness which reflected on the witness's credibility where defendant did not request instructions on such subordinate issue.

APPEAL by defendant from *Bone, Judge,* at the 21 August 1972 Session of Superior Court held in WAYNE County.

This is a civil action to recover damages for the wrongful death of plaintiff's intestate, Weldon Parrish. Plaintiff is the daughter and administratrix of Weldon Parrish.

Plaintiff offered evidence which tended to show the following: that on 14 July 1968 at about 1:00 a.m., Weldon Parrish and one William Gurganus were walking in a westerly direction on the south side of Stronach Avenue, a two-lane public roadway in Goldsboro, North Carolina, which runs in an east-west direction; that there was no sidewalk along this part of Stronach Avenue, but only a dirt shoulder; that plaintiff's intestate was walking next to the street, or perhaps on the edge of the south side of Stronach Avenue; that William Gurganus was walking next to plaintiff's intestate on the extreme left side of the shoulder; that the two had been out looking for "some whiskey";

Smith v. Kilburn

that they were unable to find any whiskey, and that plaintiff's intestate was sober; that Gurganus had had something to drink prior to this time, but that he was not drunk; that Gurganus neither saw nor heard any car until defendant's car hit Parrish; that defendant was driving westward in the north side lane of Stronach Avenue; that defendant's car struck deceased while he was walking along the edge of the eastbound lane (south side lane) of Stronach Avenue or on the dirt shoulder; that after the collision, deceased's body was lying partially on the road and partially on the dirt shoulder; that, after the collision, defendant's car stopped in the eastbound lane (south side) of Stronach Avenue, facing west in the direction it had been traveling; that a police officer investigating the scene of the accident smelled the odor of alcohol on defendant's breath; that the police officer found a curved cork stopper in defendant's car and an alcoholic beverage bottle in the vicinity of the collision; that the cork had part of a paper label on it that matched the paper on the neck of the bottle, and that the cork fit the bottle; that a highway patrolman testified that defendant admitted to him that he struck the deceased in the eastbound lane of Stronach Avenue; that defendant further told the highway patrolman that he was driving west on Stronach Avenue, that there were some people walking on the righthand side of the street on Stronach Avenue and he pulled to his left to go around these people and sounded his horn, that just as he got into the left lane a man walked out in front of his car from behind some bushes and he hit him; that the bushes defendant referred to were 6-8 feet from the edge of Stronach Avenue; that Stronach Avenue did not have a centerline; that deceased was employed and had a life expectancy of 23.8 years.

Defendant offered no evidence.

The issues of negligence, contributory negligence, and damages were submitted to the jury. From a judgment awarding plaintiff $20,000, defendant appealed.

*Herbert B. Hulse and Sasser, Duke & Brown, by John E. Duke, for plaintiff-appellee.*

*Dees, Dees, Smith, Powell & Jarrett, by William W. Smith, for defendant-appellant.*

BROCK, Judge.

Defendant assigns as error the admission of certain testimony by Officer B. F. Smith, and the court's refusal to allow defendant's motion to strike that testimony. Officer Smith investigated the accident and testified that he detected an odor of alcohol on defendant's breath. Officer Smith then testified, over objection, that he found a curved cork stopper in defendant's automobile. This cork was about an inch long and had part of a stamp or piece of paper attached to it. Officer Smith testified that he found an alcoholic beverage bottle at the scene of his investigation, and "determined that the cork stopper . . . would fit the bottle and the stamp or paper on the neck of the bottle."

[1] Defendant contends that this testimony was irrelevant and immaterial in that the bottle found was not linked to the defendant. Officer Smith testified that he detected an odor of alcohol on defendant's breath and that he found a bottle cork in defendant's car. An alcoholic beverage bottle was discovered at the scene of the investigation. The cork stopper fit this bottle and the paper on the cork, according to Officer Smith, meshed with that on the neck of the bottle. There is a reasonable nexus between this testimony and defendant. The matching cork was found in defendant's automobile. The testimony was properly admitted. *See* Stansbury, North Carolina Evidence (Brandis Revision), § 78. This assignment of error is overruled.

[2] Defendant excepts to the introduction into evidence of the death certificate of plaintiff's intestate, the reading of portions of this certificate to the jury, and the court's refusal to allow defendant's motion to strike such evidence. The following information was read from the death certificate to the jury: "Name of deceased: Weldon D. Parrish; date of death, July 14, 1968; immediate cause—multiple injuries; place of injury—Stronach Avenue, Wayne County, North Carolina. Decedent pronounced dead at 1:15 a.m., July 14, 1968." A death certificate is competent in evidence to prove the fact of death, the time and place where it occurred, the identity of the deceased, the bodily injury or disease which was the cause of death, and other matters relating to the death. 3 Strong, N. C. Index, Death, § 1, p. 200. The statements read to the jury were competent evidence. The death certificate itself was not included in the record on appeal. Therefore, we presume that it contained no statements from unidentified sources, repeated or summarized in the certificate, which would be incompetent in evidence. This assignment of error is overruled.

[3] Defendant excepts to the trial court's failure to include in his recapitulation of the evidence to the jury certain facts brought out on cross-examination of plaintiff's witness William Gurganus. These facts reflected on the witness' credibility and included such information as: the witness was in jail at the time of the trial; witness had been convicted of some criminal offenses; witness did not tell investigating police officers that he had witnessed the accident; witness had not known that an earlier trial was held on this case, and that he had not testified at it.

In the instructions to the jury, recapitulation of all the evidence is not required. The trial judge is only required to state the evidence to the extent necessary to explain the application of the law thereto. *State v. Hardee*, 3 N.C. App. 426, 165 S.E. 2d 43. The omissions defendant excepts to in the trial court's recapitulation of the evidence involved a subordinate issue in the case, the credibility of a particular witness, which was not necessary to explain the application of the law to the evidence. Defendant did not request instructions on this subordinate issue. This assignment of error is overruled.

We have carefully reviewed defendant's other assignment of error to the trial court's charge to the jury, and we find no prejudicial error.

Defendant also excepts to the trial court's refusal to set aside the verdict and grant defendant a new trial. Defendant contends that plaintiff was awarded excessive damages. We find no merit in this contention.

No error.

Judges HEDRICK and VAUGHN concur.