## STATE OF NORTH CAROLINA v. MARVIN HEWITT

No. 7315SC681

(Filed 24 October 1973)

**Criminal Law § 99— questioning witnesses — belittling counsel — expression of opinion by court**

In a prosecution for receiving stolen property knowing said goods to be stolen, the trial court committed prejudicial error in questioning the State's witnesses and in belittling counsel upon his request for instructions.

APPEAL by defendant from *Bailey, Judge*, 19 March 1973 Session of ORANGE County Superior Court.

The defendant was indicted by the Orange County Grand Jury for feloniously receiving stolen property knowing said goods to be stolen. From a verdict of guilty and a judgment sentencing the defendant to ten years imprisonment, the defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General George W. Boylan for the State.*

*Norman E. Williams; Thomas F. Loflin III; and Thomas B. Anderson, Jr., for defendant appellant.*

CAMPBELL, Judge.

G.S. 1-180 provides: "No judge, in giving a charge to the petit jury in a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, . . ." Although the statute refers to the charge, it has always been construed to include the expression of any opinion, or even an intimation by the judge, at any time during the trial which prejudices either party. *State v. Oakley,* 210 N.C. 206, 186 S.E. 244 (1936).

In *State v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378 (1946), the court said:

> ". . . It can make no difference in what way or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, or by the general tone and tenor of the trial. The statute forbids an intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. 'Every suitor is entitled by the law to have his cause considered with the "cold neutrality of the impartial judge" and the equally unbiased mind of a properly instructed jury.' *Withers v. Lane,* 144 N.C., p. 192, 56 S.E., 855."

In the course of the State's case, the trial judge interrupted to ask a witness, "Do you know what he did with the stuff?" It is error for the judge to make any statement which goes beyond the stage of eliciting or clarifying the witness's testimony and which is subject to the interpretation by the jury that the judge believes the defendant to be guilty. *State v. McEachern,* 283 N.C. 57, 194 S.E. 2d 787 (1973). ("You were in the car when you were raped?") ; *State v. Ealy,* 7 N.C. App. 42, 171 S.E. 2d 24 (1969). (Instruction to jury to answer the question, "At the time of the stabbing that killed the deceased, Jesse Osborne, was the defendant at a place where she had the right to be?")

It is also error for the judge to make any remarks which tend to belittle or humiliate defendant's cause or his counsel

---

State v. Hewitt

---

before the jury. *State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128 (1971) ; *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971). See, Annotation, Remarks or Acts of Trial Judge Criticizing, Rebuking, or Punishing Defense Counsel in Criminal Case, as Requiring New Trial or Reversal, 62 A.L.R. 2d 166 (1958). See, Annotation, Prejudicial Effect of Trial Judge's Remarks, During Criminal Trial, Disparaging Accused, 34 A.L.R. 3d 1313 (1970). During the cross examination of one of the State's witnesses, Mr. Brad Wilson, the following took place:

"Q. And at that time did you take the witness stand and testify?

A. No sir.

THE COURT: Why would he on a plea of guilty?

Why would he take the witness stand on a plea of guilty?"

Later in the same cross examination the following occurred:

"Q. You thought if you could involve someone else in this matter you thought that would help you?

A. No sir.

Q. You don't think it would help you?

A. No sir.

THE COURT: What difference does that make?"

Finally, at the conclusion of the evidence the following exchange took place:

"THE COURT: Well it's time to get the cigarette smoked I reckon.

MR. NOELL: Your Honor, may I make one motion pertaining to the Charge of the Court before the Court charges?

THE COURT: Is that a motion or request for instructions?

MR. NOELL: It is a request for instructions.

THE COURT: Why don't you write them out so I can rule on them and put it in the file so if you don't like my ruling you will have something to appeal from?

MR. NOELL: I thought I'd put it in the record.

THE COURT: If you think I am going to listen to instructions while you argue to the jury, you are crazy."

When all these incidents, particularly the last one, are viewed in light of their cumulative effect upon the jury, we are constrained to hold that the cold neutrality of the law was breached to the prejudice of the defendant. We feel certain the learned trial judge did not intend to prejudice the defense or in any manner belittle counsel; but, nevertheless, when these inadvertences occur, they must be corrected, as they could have conveyed to the jury the impression of judicial leaning. This, of course, violates G.S. 1-180 and requires a new trial. Having ordered a new trial, we need not consider defendant's other assignments of error as they may not recur.

New trial.

Judges PARKER and VAUGHN concur.