State v. Tew

---

STATE OF NORTH CAROLINA v. ELTON TEW

No. 784SC332

(Filed 5 September 1978)

1. Criminal Law § 99.3— judge's comment "Who cares?"—no expression of opinion

In a homicide prosecution, the trial judge's comment "Who cares?" after defense counsel had asked decedent's wife to repeat the number she stated she had called to reach the police immediately after decedent was stabbed did not constitute a prejudicial expression of opinion, particularly since defense counsel was allowed to explain his reason for bringing out the witness's familiarity with the telephone number and defense counsel's examination of the witness proceeded thereafter without incident.

**2. Criminal Law § 99.8— court's questioning of witness**

Defendant was not prejudiced by four questions which the trial court asked State's witnesses where the tenor of the questions was neutral and they all sought to elicit information that would prove to be helpful to the defendant.

**3. Criminal Law § 99.2; Homicide § 20.1— identity of person in photograph— court's response to juror's question—identity of deceased not removed from jury's consideration**

In a homicide prosecution in which a juror asked the trial judge how he would know that a photograph was of deceased if he did not know deceased personally, the trial judge's response, "It's not for you to consider. Listen to the evidence," did not remove from the jury's consideration the identity of the person killed but merely told the juror not to consider how he would know the person in the photograph, as the evidence either would or would not satisfy him on that point, and that he should listen to such evidence to make his determination. Furthermore, the trial judge's response was not prejudicial to defendant since defendant admitted that he stabbed the person alleged to have been killed.

APPEAL by defendant from *Smith (David), Judge.* Judgment entered 9 November 1977 in Superior Court, SAMPSON County. Heard in the Court of Appeals 23 August 1978.

Defendant Elton Tew was arrested without a warrant on 7 August 1977 and held on a magistrate's order issued on the same date alleging probable cause to believe that defendant murdered Louis Fulton Gilmore. Preliminary hearing was conducted, probable cause was found and Tew was bound over to superior court for trial on 22 August 1977 on charges of second degree murder.

Trial was begun 7 November 1977 before Judge David Smith. Evidence for the State tended to show that on 7 August 1977 defendant stabbed and killed Louis Gilmore after Gilmore came into defendant's house uninvited and began threatening Gilmore's wife (who was living with the defendant at the time). The defendant took the stand and admitted stabbing Gilmore from behind after Gilmore had threatened Mrs. Gilmore and put his hands in his pocket. The jury found the defendant guilty of voluntary manslaughter and he was sentenced to six years imprisonment. From this judgment defendant appeals, assigning error.

*Attorney General Edmisten, by Associate Attorney Leigh Emerson Koman, for the State.*

*John R. Parker, for the defendant.*

MARTIN (Robert M.), Judge.

Defendant's assignments of error pertain to actions and comments of the trial judge which were purportedly prejudicial. We will deal with them seriatim.

I

[1] Defendant contends that it was a prejudicial expression of opinion for the trial judge to interject the remark "who cares?" after a question asked by defendant's counsel in violation of G.S. 1-180. In the cross-examination of Magdeline Gilmore, decedent's spouse, counsel for defendant was inquiring as to what she did immediately after the alleged stabbing. She stated that she called the rescue squad and then she "called 2-4141 and the law answered."

Q. "What is that number?"

Court: "Who cares?"

Counsel for defendant concedes that this is the only comment in the record which might tend to ridicule the defendant or his counsel, but contends that in the context of the entire record, the effect of the trial judge's comment was to express an opinion about the case in violation of G.S. 1-180. We do not agree. Defendant relies on *State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977) and *State v. Hewitt*, 19 N.C. App. 666, 199 S.E. 2d 695 (1973) in support of his contention. Our examination finds the instant record devoid of the circumstances cited in the above two cases where there was repeated and sometimes heated exchange between the trial judges and defense counsel, giving rise to the possibility that, on the totality of the trial record, the juries may have inferred that the trial judges were expressing opinions about the merit of the testimony and the defendants before them. Such is not the case here. Counsel for defendant was allowed to explain his reason for bringing out the witness's familiarity with the particular telephone number and the cross-examination proceeded thereafter without incident. While we do not approve the inadvertent remark of the trial judge, we find it harmless error. The defendant's first assignment of error is overruled.

## II

**[2]** Defendant next contends that the trial court erred in his examination of some of the State's witnesses, contending that the examination went beyond what was necessary for proper understanding and clarification of the testimony. We do not agree. Such examination tends to create a prejudicial atmosphere where, by the frequency, or tenor of questions asked, or the persistence of the trial judge in asking them, the jury gets the impression of a "judicial leaning." *State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977). In the instant case the trial judge asked only four questions which we are asked to review. They all sought to elicit information that would prove to be helpful to the defendant. The tenor of the questions is neutral and certainly the questioning was not excessive. Any error contained therein would tend to be favorable to the defendant, and accordingly we overrule his second assignment of error.

## III

**[3]** The defendant lastly assigns as error the trial judge's response to the juror's question in the following dialogue:

Juror Number One: "Sir, how would I know that is Gilmore if I don't know him personally?"

Court: "It's not for you to consider. Listen to the evidence."

Defendant contends that by answering the juror's question in that manner, the trial judge removed from the jury's consideration the identity of the subject in the photograph. We do not agree. We think it apparent that the judge was instructing the juror not to consider how he would know the person in the photograph, as the evidence either would or would not satisfy him on the point and he should listen to such evidence to make his determination. In his instructions to the jury, Judge Smith correctly placed the burden upon the State to prove defendant's guilt beyond a reasonable doubt. In the face of defendant's admission that he did stab Louis Gilmore, we perceive that any possible error or confusion here was harmless. Defendant's third assignment of error is overruled.

IV

In conclusion, we find that on the record the defendant had a fair trial free from prejudicial error. Accordingly, the judgment of the trial court is affirmed.

No error.

Judges VAUGHN and MITCHELL concur.